MRS. CALLIE C. YORK v. JOSEPH O. COLE AND WIFE, SARAH FRANCES COLE.

(Filed 2 December, 1959.)

**1. Appeal and Error § 12:  Receivers § 8—**

The pendency of an appeal from an order allowing petitioner to file an amended complaint does not deprive the Superior Court of jurisdiction to appoint a receiver based on the allegations in the amended complaint.

**2. Receivers § 7—**

Allegations to the effect that plaintiff was induced by fraud to convey certain property to defendants, supplemented by plaintiffs affidavit that defendants were insolvent, is sufficient to support the appointment of a receiver upon motion and notice, upon the court's findings that plaintiff had established an apparent right to the property and was in danger of losing rents and profits if the property were left in defendants' possession. G.S. 1-502.

APPEAL by defendants from *Preyer, J.,* July 13, 1959 Assigned Criminal Term, of GUILFORD (High Point Division).

*John W. Hinsdale and Thomas Turner for plaintiff, appellee.*
*Allen Langston and James B. Lovelace for defendant, appellants.*

PER CURIAM.  Defendants appeal from an order appointing a receiver.

The record of this appeal does not show an appeal from a prior order in this action. However, reference to our records shows that an appeal was taken from an order allowing plaintiff to amend her complaint when defendants' demurrer was sustained to the original complaint. That appeal, docketed as No. 598 at this term, was dismissed 3 November 1959.

The pendency of the appeal from an order allowing plaintiff to file an amended complaint did not deprive the Superior Court of jurisdiction to appoint a receiver based on allegations in the amended complaint. G.S. 1-294; *Scott v. Jordan,* 235 N.C. 244, 69 S.E. 2d 557.

The amended complaint alleges plaintiff, the owner of three partially furnished houses in High Point and an automobile, conveyed the houses and automobile to defendants, who took possession of the houses and furniture therein; the conveyance was procured by fraud and duress which is particularly described in the complaint. Plaintiff gave defendants notice that she would move for the appointment of a receiver to take possession of the property and collect the rents pending determination of the rights of the parties. She accompanied

her motion by her affidavit that defendants were insolvent.

The complaint, supplemented by plaintiff's affidavit, sufficed to support a finding that plaintiff had established an apparent right to the property, and if the property were left in defendants' possession plaintiff was in danger of losing the rents and profits. This sufficed to authorize the order appointing a receiver. G.S. 1-502; *Bank v. Waggoner*, 185 N.C. 297, 117 S.E. 6. Defendants were informed by the motion and notice that they could give bond as provided by G.S. 1-503. They did not seek the benefit of that statute.

Affirmed.