CECIL BARNES, PLAINTIFF v. ST. ROSE CHURCH OF CHRIST, DISCIPLES OF CHRIST, AN UNINCORPRATED RELIGIOUS ASSOCIATION; DAMEION ROYAL, INDIVIDUALLY AND AS PASTOR OF ST. ROSE CHURCH OF CHRIST, DISCIPLES OF CHRIST; LESLIE ARTIS, WILLIAM SMITH, CURTIS BEST, ANDREW McINTOSH, AND ROSETTA BARNES IN THEIR CAPACITY AS TRUSTEES OF AND FOR ST. ROSE CHURCH OF CHRIST, DISCIPLES OF CHRIST, AN UNINCORPORATED RELIGIOUS ASSOCIATION AND ST. ROSE CHURCH OF CHRIST, DISCIPLES OF CHRIST, INC., A NORTH CAROLINA NONPROFIT CORPORATION AND DAMEION ROYAL, INDIVIDUALLY AND IN THE CAPACITY OF PASTOR AND PURPORTED CHIEF EXECUTIVE OFFICER OF ST. ROSE CHURCH OF CHRIST, DISCIPLES OF CHRIST, DEFENDANTS

No. COA02-1482

(Filed 7 October 2003)

**Appeal and Error— appealability—preliminary injunction—substantial right not affected**

The appeal of a preliminary injunction was dismissed as interlocutory where the dispute involved the legal status of a church and the transfer of its assets, and the court's order placed the assets of the church and its day-to-day finances in the hands of a neutral party until the litigation could be completed. Defendants lost no substantial right.

Appeal by defendants from orders entered 13 September 2002 by Judge Milton F. Fitch, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 27 August 2003.

*Davis Bibbs & Smith, P.L.L.C., by David C. Smith and Mark L. Bibbs, for plaintiff-appellee.*

*Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr. and M. Greg Crumpler, for defendant-appellants.*

HUNTER, Judge.

St. Rose Church of Christ, Disciples of Christ, Dameion Royal, Leslie Artis, William Smith, Curtis Best, Andrew McIntosh, Rosetta Barnes, and St. Rose Church of Christ, Disciples of Christ, Inc. (collectively "defendants") appeal from (A) a preliminary injunction filed 13 September 2002 freezing the assets of St. Rose Church of Christ, Disciples of Christ ("the church") and appointing a receiver to handle the financial affairs of the church, and (B) an order filed 13 September 2002 granting the receiver specific powers to administer the church's financial affairs. We conclude this appeal is interlocutory and does not affect a substantial right of the parties. Accordingly, this appeal is dismissed.

On 19 August 2002, Cecil Barnes ("plaintiff") filed a complaint alleging that defendant Dameion Royal ("Royal"), the pastor of the church, had converted the legal status of the church from an unincorporated religious association ("the association") to a non-profit corporation without proper authorization. The complaint further alleged that following the conversion to a non-profit corporation, assets of the association were transferred to corporate accounts in breach of Royal's fiduciary duty as an agent of the association. Plaintiff requested that the trial court enjoin the transfer of assets and appoint a receiver to manage the church's finances and assets.

A preliminary injunction is an interlocutory order, *Wade S. Dunbar Ins. Agency, Inc. v. Barber*, 147 N.C. App. 463, 466, 556 S.E.2d 331, 334 (2001), as is an order appointing a receiver during litigation, *Lowder v. All Star Mills*, 309 N.C. 695, 701, 309 S.E.2d 193, 198 (1983). "An appeal of an interlocutory order will not lie to an appellate court unless the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co.*, 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988). "[T]he determination of whether a substantial right is involved in the appeal depends on whether that right is one which will be lost or irremediably and adversely affected if the order is not reviewed before final judgment." *Id.* In order to resolve the question of the existence of a substantial right it is usually necessary to consider the particular facts of a case and the procedural context in which the interlocutory order arose. *See Wade S. Dunbar Ins. Agency, Inc.*, 147 N.C. App. at 466, 556 S.E.2d at 334. A two-part test has emerged to decide if an immediate appeal of an interlocutory order is warranted: " 'the right itself must be substantial and the deprivation of that substantial right

must potentially work injury . . . if not corrected before appeal from final judgment.' " *Action Cmty. Television Broadcasting Network, Inc. v. Livesay*, 151 N.C. App. 125, 129, 564 S.E.2d 566, 569 (2002) (quoting *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990)).

In this case, defendants note several effects of the preliminary injunction and generally argue that the appointment of a receiver prevents them from conducting their own business. Assuming that the trial court's interlocutory orders do involve a substantial right by preventing defendants from conducting their own business, defendants have failed to show that the preliminary injunction and appointment of the receiver will potentially result in any harm. In fact, the orders themselves are designed to maintain the *status quo* of the church's finances during this litigation by placing the assets of the church and control of the day to day finances in the hands of a neutral party until this litigation involving control of those assets and finances is completed. *See Stancil v. Stancil*, 94 N.C. App. 760, 763-64, 381 S.E.2d 720, 722-23 (1989) (order requiring bond to be posted, in lieu of a receiver, clearly designed to protect the *status quo* of the parties was interlocutory and did not affect a substantial right).

The order specifying the powers of the receiver authorizes the receiver to pay the ordinary operating expenses of the church as well as salary and a housing allowance for Royal, prohibits the church from incurring new liabilities, and allows the receiver to continue the collection of donations. Thus, the day to day operation of the church is not halted by the trial court's orders, and the effect of the orders is to prevent removal of the church's assets prior to a determination of which entity and set of bylaws properly controls the affairs of the church in order to prevent any potential harm to the assets of the church. Therefore, there is no substantial right of defendants that will be lost or irremediably and adversely affected prior to a determination on the merits. Accordingly this appeal is dismissed as interlocutory and not affecting a substantial right.

Dismissed.

Judges TIMMONS-GOODSON and ELMORE concur.