613 S.E.2d 298 (2005)
In the Matter of: Z.T.B., A Minor Child Burke County.
No. COA04-238.
Court of Appeals of North Carolina.
June 7, 2005.
No brief filed by petitioner-appellee.
M. Victoria Jayne, Hickory, for respondent-appellant.
JACKSON, Judge.
Respondent father appeals from an order terminating his parental rights to Z.T.B, born 24 June 1995. Petitioner, who is Z.T.B.'s mother, filed a petition for termination of respondent's parental rights on 3 January 2003, alleging respondent's willful *299 abandonment, failure to legitimate Z.T.B., and lack of substantial financial support or consistent care. Respondent answered on 11 February 2003, admitting his failure to legitimate the minor child, but alleging that his inability to provide financial support was caused by petitioner's concealment of both her whereabouts and those of Z.T.B. for three years. He alleged that petitioner had moved numerous times and had changed her telephone number without notice to him. He further alleged that petitioner had not complied with the provisions of a custody order providing him with specific periods of visitation, by failing to appear at pre-arranged custody exchanges. He contended he consistently had resided in the same location since Z.T.B.'s birth, and that his extended family's residences were known to petitioner, who easily could have notified him about her whereabouts.
At the hearing on 12 June 2003, respondent was represented by counsel but did not appear. Based on verified pleadings, testimony, and evidence contained in the files in three other court proceedings between the parties, the trial court found that respondent and petitioner had never married. In March 2001, petitioner moved with Z.T.B. to South Carolina. The first month following her move, she met respondent at a gas station to exchange Z.T.B. Petitioner returned to the gas station for the next two scheduled visits to exchange Z.T.B., but respondent did not appear. The trial court also found there was no custody order attached to the termination petition, but that respondent had not raised petitioner's failure to attach the order as an affirmative defense or filed a motion to dismiss based on the defects in the petition, despite acknowledging the existence of a custody order in his answer. Regarding respondent's claim that he did not participate in Z.T.B.'s life due to his inability to find him, the trial court noted that petitioner had filed a motion and notice for child support on 19 February 2002, which was served upon respondent and which contained petitioner's address. Respondent never challenged service of the motion and notice for child support nor did he allege in response to the motion that petitioner had concealed the child from him.
Additionally, the trial court found that respondent had not provided substantial support or care for the child even though he had been under an order to pay child support, and that he had failed to appear in response to an order to show cause for failure to pay child support, resulting in the issuance of an order for his arrest, with bond set at $1,000.00. The trial court also observed that respondent's failure to appear at the termination hearing likely was due to this outstanding warrant for his failure to pay child support.
The trial court took judicial notice of three other court proceedings between the parties in Burke County, one of which purported to create a guardianship for the child, which the trial court found to be void. None of these court files were made a part of the record on appeal in this case. The trial court found that Z.T.B. had resided with petitioner for more than two years prior to the filing of the petition and that petitioner had informed respondent of her South Carolina address. The trial court also found that respondent had chosen to end his visitation with the minor and had not pursued enforcement of the visitation order. Based upon its findings, the trial court concluded, inter alia:
5. That the Respondent is the father of the minor child, has never legitimated the minor child born out wedlock pursuant to NCGS § 49-10 or filed a petition for that purpose, has willfully abandoned the minor child for at least six consecutive months preceding the filing of the Petition, has not provided substantial financial support or consistent care with respect to the minor child and the Petitioner, and the grounds for termination of parental rights have been proven by clear, cogent and convincing evidence.
. . .
11. That based upon the evidence, the verified pleadings, and the findings of fact contained above which are incorporated herein by reference, the Court concludes as a matter of law that not only do grounds exist for the termination of parental rights, but also that it would be in the best interests of the minor child that the parental *300 rights of [respondent] in and to the minor child, [Z.T.B.] be terminated.
The trial court entered judgment terminating respondent's parental rights from which judgment respondent appeals.
Respondent first argues that the petition to terminate his parental rights was defective on its face and should have been dismissed. The dissent in this case contends that respondent failed to raise the statutory defects either in his answer or by motion to dismiss and therefore cannot raise them on appeal. However, we note that respondent's attorney did make an oral motion before the trial court regarding these issues, which the trial court denied. In fact, after making his argument to the trial court respondent's attorney stated:
"Your Honor, I'd just like to preserve my motion for the record. I understand the motion that the petition is outstanding and we've denied that. And the motion to dismiss the petition or the order granting the plaintiff or petitioner custody is not attached, and we've denied that. We'd like to preserve those for the record for appeal, Your Honor."
Respondent's attorney also raised the issue of the court's subject matter jurisdiction as shown by the following exchange between the trial judge and respondent's attorney:
Court: Are you arguing this Court does not have subject matter jurisdiction in this TPR matter because of that guardianship?
Mr. Hall: I'm arguing that. I'm arguing that my client doesn't have any rights to be terminated because he gave guardianship of him over to someone. And I'm arguing that [petitioner] has no standing to bring this matter.
Assuming arguendo that the arguments by respondent's counsel before the trial court are not sufficient to preserve the issue for appeal, because these defects raise a question of the trial court's subject matter jurisdiction over the action, these issues properly may be raised for the first time on appeal. N.C.R.App. P.10(a)(2005). See State v. Beaver, 291 N.C. 137, 140-41, 229 S.E.2d 179, 181 (1976).
Pursuant to our statutory requirements "[t]he [district] court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile.. . ." N.C. Gen.Stat. § 7B-1101 (2004). Where there is no proper petition, however, the trial court has no jurisdiction to enter an order for termination of parental rights. In re McKinney, 158 N.C.App. 441, 445, 581 S.E.2d 793, 796 (2003); see also, In re Ivey, 156 N.C.App. 398, 576 S.E.2d 386 (2003).
The requirements for a proper petition to terminate parental rights are set forth in the North Carolina General Statutes, section 7B-1104, which provides in relevant part:
The petition, or motion pursuant to G.S. 7B-1102, ... shall set forth such of the following facts as are known; and with respect to the facts which are unknown the petitioner or movant shall so state:
(4) The name and address of any person who has been judicially appointed as guardian of the person of the juvenile.
(5) The name and address of any person or agency to whom custody of the juvenile has been given by a court of this or any other state; and a copy of the custody order shall be attached to the petition or motion.
N.C. Gen.Stat. § 1104 (2004)(emphasis added).
Respondent argues that the petition in the case sub judice fails to set forth facts known to petitioner, or fails to state that petitioner has no knowledge of facts, regarding the name and address of any judicially appointed guardian or the name and address of any person or agency awarded custody of the child by a court; and does not attach the existing custody order to the petition as explicitly required by North Carolina General Statutes section 7B-1104.
The use of the word "shall" by our Legislature has been held by this Court to be a mandate, and the failure to comply with this mandate constitutes reversible error. In re Eades, 143 N.C.App. 712, 713, 547 S.E.2d 146, 147 (2001); In re Johnson, 76 N.C.App. 159, 331 S.E.2d 756 (1985); In re *301 Wade, 67 N.C.App. 708, 313 S.E.2d 862 (1984). This Court also has held that when the statute governing petitions for termination of parental rights stated that "`[t]he petition shall be verified by the petitioner...,'" the petitioner's failure to verify the petition precluded the trial court from exercising subject matter jurisdiction over the action. In re Triscari Children, 109 N.C.App. 285, 287, 426 S.E.2d 435, 436 (1993)(quoting N.C. Gen.Stat. § 7A-289.25 (1989)).
However, in another case, this Court declined to dismiss a petition for termination of parental rights that failed to conform to the requirements of North Carolina General Statutes section 7B-1104 absent a showing that the respondent was prejudiced by the omission. In re Humphrey, 156 N.C.App. 533, 539, 577 S.E.2d 421, 426 (2003). In Humphrey, the petitioner failed to include the required statement that the purpose of the petition was not to circumvent the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Id.; see N.C. Gen.Stat. § 7B-1104(7). Although, the petitioner in Humphrey did not include the required statement, there was an allegation on the face of the petition filed in New Hanover County that there was a visitation proceeding in Wake County and the trial court made a finding of fact to that effect. This Court held that the trial court's finding of fact regarding this issue was sufficient to establish that the petition was not filed to circumvent the UCCJEA and to cure the defect.
The holding in Humphrey is distinguishable from the facts in the instant case because we are unable to review the trial court's determination that the guardianship was void. In Humphrey this Court had all the facts available to it for review. Here, we are faced with the trial court's bare statement:
Well, first of all, in my opinion, the guardianship is void as I have ruled in several situations where supposedly the trial motion in the cause to modify the custody, which I think is absolutely void because the statute doesn't offer that. Chapter 50 does not authorizeplus there's a separate action in which she's granted custody.
The trial court states no basis for its conclusion on the record and provides no further illumination in its order. Was the order void ab initio for some reason? When was petitioner granted custody? We simply have no way of making these determinations from the trial court's transcript and order. Therefore, we must follow the statutory mandate and conclude that the trial court was without jurisdiction to hear this matter from its inception.
Humphrey is further distinguishable in that the defect in the petition in that case could be overcome by information contained on the face of the petition itself. The petition in Humphrey did not include a statement that it was not filed for the purpose of circumventing the UCCJEA. The petition in Humphrey, did however, have on its face, an acknowledgment that there existed a custody hearing in a county other than the one in which the petition was filed. This reference unequivocally shows the petition was not filed to circumvent the UCCJEA and therefore the petition was not defective on its face even absent a specific statement to that effect. In the instant case, there is no such remedy available on the face of the petition to correct the failure to attach the custody order or provide facts regarding the guardianship and prevent the petition from being facially defective.
As the petition at issue in the instant case fails to comply with the mandatory requirements of the statute, we hold that it is facially defective and failed to confer subject matter jurisdiction upon the trial court. Consequently, we reverse the order of the trial court terminating respondent's parental rights.
Reversed.
Chief Judge MARTIN dissenting.
Judge HUDSON concurs.
MARTIN, Chief Judge dissenting.
I respectfully dissent. While I agree with the majority that it was error to omit from the petition to terminate respondent's parental rights details concerning custody and a copy of the custody order as required by *302 section 7B-1104(5), N.C. Gen.Stat. § 7B-1104(5) (2003), I find no authority supporting respondent's contention and the majority's holding that the failure to include the custody order divests the trial court of subject matter jurisdiction requiring the reversal of the termination order. Since respondent did not demonstrate prejudice, nor are the statutory violations properly preserved for review, I would affirm the trial court's order.
The "most critical aspect" of a court's inherent authority is subject matter jurisdiction and a court cannot "act where it would otherwise lack jurisdiction." In re McKinney, 158 N.C.App. 441, 443, 581 S.E.2d 793, 795 (2003). Subject matter jurisdiction has been defined as a court's power to hear a specific type of action, and "is conferred by either the North Carolina Constitution or by statute." Id. (citation omitted). The relevant jurisdiction statute, section 7B-1101, grants the court "exclusive original jurisdiction to hear and determine any petition ... relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services ... in the district at the time of filing." N.C. Gen.Stat. § 7B-1101 (2003). A parent has standing to bring a petition to terminate the other parent's rights. N.C. Gen.Stat. § 7B-1103(a)(1) (2003).
A lack of subject matter jurisdiction has been found where the petitioner lacked standing, see In re Miller, 162 N.C.App. 355, 358-59, 590 S.E.2d 864, 866 (2004) (no subject matter jurisdiction because DSS lacked standing to petition since child no longer in its custody), or where there was no petition filed. McKinney, 158 N.C.App. at 446-48, 581 S.E.2d at 797-98 (vacating termination order because no proper petition filed, only a "Motion in the Cause," reciting bare allegations, failing to request relief, reference any statutory provisions, or state it was a petition for termination); see also In re Ivey, 156 N.C.App. 398, 401, 576 S.E.2d 386, 389 (2003) (no petition at all was filed, so trial court lacked jurisdiction to order DSS to take the child into nonsecure custody).
In addition to the jurisdictional requirements of sections 7B-1101 and -1103, this Court has held that the verification requirement of section 7B-1104 is necessary to invoke the trial court's subject matter jurisdiction. In re Triscari Children, 109 N.C.App. 285, 288, 426 S.E.2d 435, 437 (1993). Verification requires a petitioner to attest "that the contents of the pleading verified are true to the knowledge of the person making the verification." N.C. Gen.Stat. § 1A-1, Rule 11 (2003). Triscari vacated the termination of parental rights due to improper verification, and the failure to verify the petition divested the trial court of jurisdiction, Triscari, 109 N.C.App. at 288, 426 S.E.2d at 437-38, just as in cases where no petition was filed. See e.g., McKinney, 158 N.C.App. at 448, 581 S.E.2d at 797-98; Ivey, 156 N.C.App. at 401, 576 S.E.2d at 389.
There is a distinction between the verification requirement of section 7B-1104, necessary to subject matter jurisdiction, and the required factual allegations of section 7B-1104(1)-(7). If the factual allegations listed in section 7B-1104(1)-(7) were required for jurisdiction, there would have been no need for respondents, who assert petitions to terminate their parental rights do not comport with statutory requirements, to demonstrate prejudice. Since lack of subject matter jurisdiction divests the trial court of any authority to adjudicate, if the majority correctly holds that facial defects in the petition require us to vacate the termination order, this Court could not have properly affirmed termination in cases where respondents failed to show prejudice. It is clear, however, that this Court has repeatedly affirmed termination orders despite statutory defects where no prejudice was shown. See, e.g., In re Humphrey, 156 N.C.App. 533, 539, 577 S.E.2d 421, 426 (2003) (overruling respondent's assignment of error regarding non-compliance with mandatory language of section 7B-1104(7), because respondent failed to demonstrate prejudice); In re B.S.D.S., 163 N.C.App. 540, 544, 594 S.E.2d 89, 92 (2004) (failure to show prejudice despite petition's reference to UCCJA not UCCJEA); In re Clark, 159 N.C.App. 75, 79, 582 S.E.2d 657, 660 (2003) (failure to attach statutorily required affidavit to initial petition did not divest jurisdiction); In re Joseph Children, 122 N.C.App. *303 468, 469-72, 470 S.E.2d 539, 540-41 (1996) (custody order not attached, as required by statute, nor were the notice requirements of the termination statute met, but error not prejudicial because notice required by civil procedure rules was met).
Here, Z.T.B. and petitioner resided in Burke County; therefore, the trial court had jurisdiction pursuant to section 7B-1101. As Z.T.B.'s parent, petitioner had standing pursuant to section 7B-1103(a)(1). There was a verified petition, with appropriate allegations, citation to statutory provisions, and a request for relief. Therefore, the trial court had jurisdiction to consider the termination petition.
Thus, while I agree that it was erroneous to omit the custody order and information regarding custody from the termination petition, as required by section 7B-1104(5), such error is harmless absent a showing of prejudice by respondent. The majority distinguishes In re Humphrey, which overruled an assignment of error regarding non-compliance with mandatory language in section 7B-1104(7), because respondent failed to demonstrate prejudice. 156 N.C.App. at 539, 577 S.E.2d at 426. Humphrey held the allegations in the petition sufficiently put the respondent on notice, despite a failure to allege that the petition was not filed to circumvent the UCCJEA. The Court stated:
we find no authority that compelled dismissal of the action solely because petitioner failed to include this statement of fact in the petition. While it is a better practice to include the factual statement as stated in the statute, under the facts in this case we find that respondent has failed to demonstrate that she was prejudiced as a result of the omission.
Id. at 539, 577 S.E.2d at 426. Humphrey also concluded that the trial court did have jurisdiction pursuant to section 7B-1101. Id. at 537, 577 S.E.2d at 425.
The majority states that Humphrey is distinguishable because 1) we are unable to review the trial court's determinations due to a sparse transcript and order, and 2) the defect could be overcome by the allegations in the petition in Humphrey, which is not true about the allegations sub judice. These distinctions do not persuade me. The Rules of Appellate Procedure require the appellant to include "so much of the evidence ... as is necessary for an understanding of all errors assigned." N.C. R.App. P. 9(a)(1)(e) (2004). "It is the duty of the appellant to ensure that the record is complete" and where the record is incomplete, we need not speculate as to error by the trial court. Hicks v. Alford, 156 N.C.App. 384, 389-90, 576 S.E.2d 410, 414 (2003). The burden was on respondent to compile a record that would illuminate us as to errors made by the trial court, and we defer to the trial court's conclusions if there are facts to support them. Humphrey, 156 N.C.App. at 539-40, 577 S.E.2d at 427.
The defect in Humphrey was cured with a finding of fact by the trial court, acknowledging non-compliance with section 7B-1104(7), but noting the petition "did allege the existence of a proceeding in Wake County, North Carolina regarding visitation." Id. at 539, 577 S.E.2d at 426. The trial court sub judice similarly cured the petition's defects, after hearing testimony and taking judicial notice (at respondent's request) of other files regarding Z.T.B., by noting the custody order was not attached but finding Z.T.B. had been in petitioner's custody and the guardianship order was void. Respondent fails, therefore, to demonstrate prejudice as a result of the error.
Assuming, arguendo, respondent had demonstrated prejudice from the error, the issue was not properly preserved and cannot now be raised. The "Rules of Civil Procedure are not superimposed upon the procedures set forth by statute for termination of parental rights," but they "are not to be ignored." In re Manus, 82 N.C.App. 340, 344, 346 S.E.2d 289, 292 (1986) (internal citations omitted). N.C. Gen.Stat. § 1A-1, Rule 12(g) (2003) precludes a party from raising defenses or objections not raised in their initial pleadings. The transcript does not clearly indicate a motion by respondent's attorney to dismiss the petition. Moreover, there is no indication in the transcript that the trial court denied such a motion. The oral motion cited by the majority referred to the lack of a motion to dismiss prior custody or guardianship orders, rather than a motion to dismiss *304 the termination petition. This reading is consistent with the trial court's finding that respondent never moved to dismiss for failure to attach the custody order. Respondent's failure to raise the statutory defects with the petition in either his answer or through a motion to dismiss cannot now be raised. The trial court adequately cured the defects in the petition by noting the custody order was not attached and finding respondent neither raised the failure to attach the custody order as an affirmative defense nor filed a motion to dismiss based on the defective petition. I vote to affirm the order of the trial court.