BATESVILLE CASKET COMPANY, INC. an Indiana corporation, Plaintiff v. WINGS AVIATION, INC., d/b/a MOODY FUNERAL HOME, a North Carolina corporation, Defendant

No. COA10-967

(Filed 16 August 2011)

**1. Appeal and Error—interlocutory orders and appeals— receiver appointed—no substantial right affected— dismissed**

Defendant's appeal from the trial court's order appointing a receiver was dismissed as interlocutory as there was no substan-

BATESVILLE CASKET CO., INC. v. WINGS AVIATION, INC.

[214 N.C. App. 447 (2011)]

tial right of defendant that would have been lost or irremediably and adversely affected prior to a determination on the merits.

**2. Discovery—discovery order—sanctions for noncompliance—defendant not properly served**

The trial court erred in an action concerning the payment of a monetary judgment by awarding sanctions based upon defendant's noncompliance with a discovery order. The record did not demonstrate that defendant was properly served with the discovery order as required by N.C.G.S. § 1-352.1.

Appeal by defendant from orders entered 31 December 2009 and 12 February 2010 by Judge Zoro J. Guice in Superior Court, Jackson County. Heard in the Court of Appeals 10 March 2011.

*Jeffrey W. Norris & Associates, PLLC, by Jeffrey W. Norris, for plaintiff-appellee.*

*Jones, Key, Melvin & Patton, P.A., by Fred H. Jones and Karen L. Kenney, for defendant-appellant.*

STROUD, Judge.

Defendant appeals trial court orders appointing a receiver and awarding sanctions to plaintiff. For the following reasons, we dismiss defendant's appeal regarding the appointment of a receiver and reverse those portions of the orders regarding sanctions.

## I. Background

On 7 August 2008, plaintiff obtained a monetary judgment against defendant. On or about 16 September 2008, a writ of execution was issued seeking satisfaction of the judgment, but on or about 11 December 2008 the Jackson County Sheriff returned the writ because he "did not locate property on which to levy." On 11 March 2009, Plaintiff served defendant with "PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION IN AID OF EXECUTION[.]" Defendant failed to respond to the interrogatories within 30 days, as required by N.C. Gen. Stat. § 1-352.1, and plaintiff filed "PLAINTIFF'S MOTION PURSUANT TO N.C.G.S. SECTION 1-352.1 et. seq. FOR DISCOVERY OF ASSETS[.]"

On 16 July 2009, the clerk of superior court of Jackson County entered an order which required defendant to:

1. Produce at the office of plaintiff's counsel all documents and things requested in plaintiff's Requests for Production within fifteen (15) days of the date of this order;

2. Respond fully to plaintiff's Interrogatories within fifteen (15) days of the date of this order.

3. Submit to an inspection of defendant's offices and grounds located at 714 W. Main Street, Sylva, NC [("Moody Funeral Home") on August 4, 2009 beginning at 10:00 a.m.; and

4. Defendant's principal shall appear before the Clerk of Court for oral examination on August 4, 2009 at 12:30 p.m.

("Discovery Order"). The record does not indicate how, when or if the Discovery Order was served upon defendant or its principal.

On 4 August 2009, plaintiff filed "PLAINTIFF'S RENEWED MOTION TO COMPEL, FOR SANCTIONS, AND FOR THE APPOINT-MENT OF A RECEIVER" because defendant "refused to cooperate in any manner and refused to respond to plaintiff's requests and to comply with the Court Order." On or about 19 November 2009, defendant responded in part to plaintiff's discovery requests, but did not provide "bank account statements" and noted that "there are no current bank accounts for Wings[.]" Defendant further noted that

BB&T foreclosed on its liens with respect to both the Moody Funeral Home realty and the business equipment and other related property. It is my understanding that Coward, Hicks & Siler, P.A. was the purchaser of the entirety.[1]

It is also my understanding that, at this time, Wings Aviation, Inc. hold title only to the two cemeteries discussed in Mr. Moody's deposition, and that any funds received from the sale of lots are expended in connection with maintenance of those cemeteries. There was precious little, if any, other personalty held by the corporation, according to Mr. Moody.

Defendant also asserted that

Reginald E. Moody, d/b/a Moody Services, leases the property known as Moody Funeral Home and Crematorium from Coward, Hicks & Siler, P.A. Defendant has no ownership interest in Moody Services, but Reginald E. Moody, Jr. is the President of the Defendant, and the Defendant, through Mr.

---

1. Coward, Hicks, & Siler, P.A. also represents Mr. Moody, Sr. and REM, Inc.

Moody, conducts business for the cemeteries from the Funeral Home location. Defendant pays no rent and has no formal sublease with Mr. Moody.

On 31 December 2009, the trial court entered an order ("Receivership Order") granting "PLAINTIFF'S RENEWED MOTION TO COMPEL, FOR SANCTIONS, AND FOR THE APPOINTMENT OF A RECEIVER".[2] The trial court ordered the receiver, Sheila Gahagan, CPA, to "enter upon and take possession and control of the business at 714 W. Main Street in Sylva." The Receivership Order further

acknowledged that defendant's principal has claimed that he is still conducting business in the same location under a slightly different name. However, nothing, including the signage, has changed and it appears that business is and has been conducted under the fictitious name "Moody Funeral Home." The receiver shall have the power and authority to review all transactions and report concerning what business has been transacted and what business continues to be transacted, including all transactions relating to the two cemeteries which remain in the defendant's formal corporate name. It is also acknowledged that defendant no longer owns the real property at 714 W. Main Street, but it has acknowledged to this Court that it is still using that location for its current activities pursuant to an agreement with the current owner, that it continued to conduct business in that location even after the transfer of the property to the current owner, and that there has been no real change in the operations, other than the volume of business, since the time of the filing of this action.

On 13 January 2010, plaintiff's counsel submitted attorney fee affidavits as directed by the Receivership Order.

On 20 January 2010, Coward, Hicks & Siler, P.A., as counsel for REM, Inc., filed a motion to intervene pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(a) and a motion to vacate the Receivership Order pursuant to Rule 60(b). REM alleged that it owns Moody Funeral Home, but "does not own or control the Defendant." REM claimed that it was previously defendant's landlord, but it had evicted defendant. REM

---

2. As to sanctions the trial court specifically ordered: "[D]efendant shall be sanctioned in the amount of plaintiff's fees and costs associated with the plaintiff's pursuit of that information, including the fees associated with plaintiff's counsel's court information, including the fees associated with plaintiff's counsel's court appearances. Plaintiff shall submit to the Court an affidavit of the fees it has incurred relating to this specific issue within thirty (30) days of the date of this Order, and the Court will make the actual award in a subsequent order after reviewing the additional information."

BATESVILLE CASKET CO., INC. v. WINGS AVIATION, INC.

[214 N.C. App. 447 (2011)]

requested "in the alternative" that the receivership be limited to "the business only, and not the real property where the business was previously conducted, to the effect that the receiver would not have possession of the real property and its improvements." On 3 February 2010, the trial court allowed REM to intervene.

On 25 January 2010, defendant filed a "MOTION FOR RELIEF FROM ORDER AND FOR STAY" alleging that the receivership order is void because it calls for the receiver to

'take possession and control of the business at 714 W. Main Street in Sylva', when the evidence before the Court is that 'the business at 714 W. Main Street in Sylva' is not owned by the named Defendant in this action, but instead by a third party, not a party to this action, and not subject to the jurisdiction of the Court in this action.

Defendant further alleged that it did "not possess the necessary licenses to provide funeral home services—the licenses that permit the operation of the funeral home business at 714 West Main Street in Sylva, are in the name of Reginald E. Moody, Jr., not a party to this action."

On 28 January 2010, defendant filed notice of appeal from the Receivership Order. On 12 February 2010, the trial court entered an order awarding sanctions in the amount of $3,300.00 to plaintiff, based upon the Receivership Order and the attorney fee affidavits submitted as directed by the Receivership Order ("Sanctions Order"). On 25 February 2010, defendant filed notice of appeal from the Sanctions Order. On 8 March 2010, the trial court entered an order staying any action upon defendant's "MOTION FOR RELIEF FROM ORDER AND FOR STAY" and plaintiff's "MOTION FOR Contempt and Motion for Additional Sanctions[.]"[3]

## II. Interlocutory Receivership Order

[1] Defendant's first two issues on appeal are regarding the appointment of the receiver in the Receivership Order. Defendant's brief states that "[t]he Order required the receiver to conduct an accounting and to report back to the Court; as such, the Order is interlocutory." However, defendant claims that the Receivership

Order provided broad authority to the receiver both with respect to the ongoing business operations of Defendant-Appellant (Wings

---

3. Plaintiff's "MOTION FOR Contempt and Motion for Additional Sanctions" is not part of the record on appeal.

Aviation, Inc.), but also with respect to the rights of third parties, not before the Court at the time the receivership was ordered (including REM, Inc., which was later permitted to intervene.)[4]

Defendant contends

substantial rights have been affected, particularly where the receiver expresses an intent to begin the process of selling the assets to pay off the corporation's debts . . . and where as here, the receiver has failed to file the necessary annual reports with the Secretary of State to avoid administrative dissolution.[5]. . . Without immediate review, [its] assets and corporate opportunities may be lost or irreparably prejudiced.

. . . [T]he Appellant here has a substantial right in managing its own corporation. [Defendants'] right to manage and control its business will be effectively destroyed by the appointment of a receiver, who has far-reaching powers under Judge Guice's [Receivership O]rder of 29 December 2009. . . . The receivership will result in a disruption in and perhaps the complete destruction of [defendant's] business, and thus the normal course of procedure is inadequate to protect the substantial right affected by the order sought to be appealed. . . . If the appeal is not immediately heard from the order appointing a receiver, Defendant-Appellant's business and ability to produce income may be destroyed and its reputation irreparably harmed.

(Quotation marks, brackets, and footnote omitted.) Defendant also claims that interlocutory appeals from orders appointing receivers have previously been considered by the appellate courts, "thereby implying without establishing that such orders inherently affect sub-

4. REM has not appealed nor filed any documents with this Court, and thus is not a party to this appeal. As such, we will only consider defendant's arguments in regard to defendant's own rights, not those of third parties. Defendant cites to no authority nor are we aware of any which allows this Court to address issues as to nonparties to this action or parties who have not appealed. This extends also to defendant's first argument on appeal which addresses the personal jurisdiction of the court over other parties.

5. Defendant has mischaracterized the record. The record does not indicate that "the receiver has failed to file the necessary annual reports with the Secretary of State[,]" but states that *defendant's president* failed to do so. The receiver noted that "Mr. Moody, Jr. provided a letter for Notice or Grounds for Administrative Dissolution of Wings Aviation, dated March 3, 2010 from the NC Department of the Secretary of State. This is simply due to his failure to file required annual reports and is easily remedied. Mr. Moody, Jr. cannot dissolve the corporation without being in violation of the NC laws pertaining to the sale of cemeteries."

stantial rights. *See, e.g., Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 581, 273 S.E.2d 247, 259 (1981); *York v. Cole*, 251 N.C. 344, 345, 111 S.E.2d 334, 335 (1959)." (Quotation marks and brackets omitted.)

Plaintiff argues that appellant's cited cases "arise from the appointment of a receiver pre-judgment. In the case at hand, a judgment has already been entered against the Appellant. The concerns of appointing a receiver prior to a judgment are not present in this case where [plaintiff] already has a judgment[.]" Plaintiff also notes that "the substantial right [defendant] is arguing does not belong not to [defendant], but to third parties."

> An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.
>
> An interlocutory order is generally not immediately appealable.
>
> Nonetheless, in two instances a party is permitted to appeal interlocutory orders. First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits. Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.

*Bullard v. Tall House Bldg. Co.*, 196 N.C. App. 627, 637, 676 S.E.2d 96, 103 (2009) (citations and quotation marks omitted). As the trial court did not certify the Receivership Order, we consider whether a substantial right will be impaired. *See id.* While "[o]ur courts have on several occasions considered interlocutory appeals of appointments of receivers without expressly addressing the issue of whether the appellant established a substantial right . . . whether there is a substantial right is normally assessed on a case-by-case basis." *Barnes v. Kochhar*, 178 N.C. App. 489, 496 n.2, 633 S.E.2d 474, 479 n.2, *disc. review denied*, 360 N.C. 644, 638 S.E.2d 462 (2006).

In determining whether an issue affects a substantial right, our Supreme Court has stated that the substantial right test for appealability of interlocutory orders is more easily stated than applied. Our courts apply a two-part test in determining whether a substantial right exists: 1) that the right in question qualifies as substantial and 2) that, absent immediate appeal, the right will be lost, prejudiced or less than adequately protected by exception to entry of the interlocutory order. A substantial right is a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a man is entitled to have preserved and protected by law: a material right. It is usually necessary to resolve the question of whether there is a substantial right in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered.

*Id.* at 497, 633 S.E.2d at 479 (citations, quotation marks, and brackets omitted).

In *Barnes v. St. Rose Church of Christ*, the defendants

[a]ppeal[ed] from (A) a preliminary injunction filed 13 September 2002 freezing the assets of St. Rose Church of Christ, Disciples of Christ ("the church") and appointing a receiver to handle the financial affairs of the church, and (B) an order filed 13 September 2002 granting the receiver specific powers to administer the church's financial affairs. . . .

. . . Plaintiff requested that the trial court enjoin the transfer of assets and appoint a receiver to manage the church's finances and assets.

. . . .

. . . [The] defendants note[d] several effects of the preliminary injunction and generally argue[d] that the appointment of a receiver prevents them from conducting their own business.

160 N.C. App. 590, 591-92, 586 S.E.2d 548, 549-50 (2003). This Court determined that

[a]ssuming that the trial court's interlocutory orders do involve a substantial right by preventing defendants from conducting their own business, defendants have failed to show that the preliminary injunction and appointment of the receiver will potentially result in any harm. In fact, the orders themselves

are designed to maintain the *status quo* of the church's finances during this litigation by placing the assets of the church and control of the day to day finances in the hands of a neutral party until this litigation involving control of those assets and finances is completed.

The order specifying the powers of the receiver authorizes the receiver to pay the ordinary operating expenses of the church as well as salary and a housing allowance for [a defendant], prohibits the church from incurring new liabilities, and allows the receiver to continue the collection of donations. *Thus, the day to day operation of the church is not halted by the trial court's orders, and the effect of the orders is to prevent removal of the church's assets prior to a determination of which entity and set of bylaws properly controls the affairs of the church in order to prevent any potential harm to the assets of the church. Therefore, there is no substantial right of defendants that will be lost or irremediably and adversely affected prior to a determination on the merits. Accordingly this appeal is dismissed as interlocutory and not affecting a substantial right.*

*Id.* at 592, 586 S.E.2d at 550 (emphasis added) (citation omitted).

Here, the Receivership Order requires the receiver:

i.      To enter upon and take possession and control of the business . . . [and] shall have the power and authority to review all transactions and report concerning what business has been transacted and what business continues to be transacted[;]

ii.     To take control of all accounts and business transactions, together with all accounts, records, correspondence, and books of accounts relating thereto;

iii.    To conduct and/or oversee and control the day-to-day operations of the business in a manner consistent with the power conferred upon this order and consistent with N.C.G.S. section 1-501;

iv.     To obtain from the defendant an accounting of the business operations and statements setting forth the budgeted annual and monthly operating expenses, as well as statements, bills, charges, invoices, paid receipts and any

similar documents sufficient to demonstrate the actual operating expenses of the business;

v.     To collect all revenues and receipts derived from the business, to pay the current operating expenses (including the costs of administration of the receivership and the premium for the receiver's bond), in accordance with a budget approved by this Court, on a monthly basis;

vi.    To maintain an accurate ledger or similar book of account of all receipts and disbursements made by it pursuant to this Order of appointment, and to safely keep the operating statements and all of the documents provided to it;

vii.   To obtain any and all permits for the ongoing operation of the business;

viii.  To employ attorneys, accountants, other professionals, managing agents, leasing agents, and other persons, firms or corporations necessary or appropriate to the orderly and efficient management of the business;

ix.    To enforce contracts and take such action with respect to contracts as may be necessary and appropriate to assure collection and/or payment of such for the orderly and efficient management and operation of the Premises;

x.     To renew and extend supply agreements for the business upon such terms and subject to such conditions as the receiver shall deem appropriate;

xi.    To make all necessary and proper maintenance, repairs, renewals, replacements, additions, betterments and improvements to the business and to purchase or otherwise acquire additional fixtures and personal property necessary or appropriate to the orderly and efficient management and operation of the property and business;

xii.   To keep the business and premises insured to the extent necessary or appropriate and to pay for judgments, insurance, taxes, and assessments;

xiii.  To maintain, preserve, and make necessary repairs to the business property and premises during the pendency of these proceedings and until the underlying indebtedness has been satisfied in full; and

xiv.    To be vested with all other powers, rights, and duties usu-
ally bestowed upon receivers appointed by this Court as
by law provided.

Just as in *Barnes v. St. Rose Church of Christ*, "the day to day
operation of the [business] is not halted by the trial court's order[],
and the effect of the orders is to prevent . . . any potential harm to the
assets of the [business]." *Id.* Furthermore, *Barnes v. St. Rose Church
of Christ*, addresses the appointment of a receiver prior to entry of a
judgment. *See id.*, 160 N.C. App. 590, 586 S.E.2d 548. In a case where
it has yet to be determined if the plaintiff is entitled to recovery, pro-
tection of the defendant's business or assets would be of much
greater concern than here, where there is an unsatisfied judgment
against defendant, and had the sheriff found any property upon which
to levy, he could have seized that property to satisfy the judgment;
certainly, a successful levy would have caused more harm to the busi-
ness than the receivership as ordered by the trial court. "Therefore,
there is no substantial right of defendant[] that will be lost or irreme-
diably and adversely affected prior to a determination on the merits.
Accordingly this appeal is dismissed as interlocutory and not affect-
ing a substantial right." *Id.* at 592, 586 S.E.2d at 550.

### III. Sanctions

**[2]** Defendant's last argument on appeal is regarding the sanctions it
was ordered to pay; defendant's contentions on appeal are regarding
both the sanctions portion of the Receivership Order and the
Sanctions Order itself. While the portion of the Receivership Order
addressing the receiver was interlocutory, "an order imposing sanc-
tions under Rule 37(b) is appealable as a final judgment." *Smitheman
v. Nat'l Presto Indus.*, 109 N.C. App. 636, 640, 428 S.E.2d 465, 468,
*disc. review denied*, 334 N.C. 166, 432 S.E.2d 366 (1993). We also note
that orders imposing penalties for contempt of court are also imme-
diately appealable. *Guerrier v. Guerrier*, 155 N.C. App. 154, 158, 574
S.E.2d 69, 71 (2002) ("The appeal of any contempt order . . . affects a
substantial right and is therefore immediately appealable.") Thus,
even though the orders do not state the statutory basis for the award
of attorney fees as a sanction, they are orders establishing a penalty
which is analogous to an order under Rule 37(b), and therefore we
will consider defendant's argument as to the Sanctions.

As to the sanctions portion of the Receivership Order defendant
specifically argues that "[t]here is no evidence in the record on appeal
that the Clerk's 16 July 2009 order was served on the judgment debtor

in the manner as required for a summons[.]" N.C. Gen. Stat. § 1-352.1 provides in pertinent part that

> [u]pon failure of the judgment debtor to answer fully the written interrogatories, the judgment creditor may petition the court for an order requiring the judgment debtor to answer fully, which *order shall be served upon the judgment debtor in the same manner as a summons is served pursuant to the Rules of Civil Procedure[.]*

N.C. Gen. Stat. § 1-352.1 (2009) (emphasis added). "The use of the word 'shall' by our Legislature has been held by this Court to be a mandate, and the failure to comply with this mandate constitutes reversible error." *In re Z.T.B.*, 170 N.C. App. 564, 569, 613 S.E.2d 298, 300 (2005).

We first must consider how a summons is served as N.C. Gen. Stat. § 1-352.1 requires that the order entered pursuant to N.C. Gen. Stat. § 1-352.1 be served "in the same manner as a summons is served[.]" N.C. Gen. Stat. § 1-352.1. A summons, unlike motions or other documents filed after a summons, must be served in a particular manner depending on the party being served. *See* N.C.R. Civ. Pro. 4, 5. Furthermore, a person who fails to respond to discovery requested pursuant to N.C. Gen. Stat. § 1-352.1 is subject to contempt of court and may even be punished by imprisonment. *See* N.C. Gen. Stat. § 1-352.1 ("Any person who disobeys an order of the court may be punished by the judge as for a contempt under the provisions of G.S. 1-368."); *see also* N.C. Gen. Stat. § 1-368 (2009) (providing that imprisonment is an appropriate punishment for contempt). Thus, N.C. Gen. Stat. § 1-352.1 has both heightened requirements for service and compliance as compared to other forms of discovery requests which occur prior to entry of a judgment. *See* N.C. Gen. Stat. § 1-352.1; N.C.R. Civ. Pro. 5.

In the record before us there is no evidence that the Discovery Order was "served upon the judgment debtor in the same manner as a summons is served pursuant to the Rules of Civil Procedure" or that it was served at all.[6] N.C. Gen. Stat. § 1-352.1; *see* N.C.R. App. P. 9(a)(1)(j) ("The record on appeal in civil actions and special proceedings shall contain . . . copies of all other papers filed and statements of all other proceedings had in the trial court which are necessary to an understanding of all issues presented on appeal[.]") As the record does not demonstrate that defendant was properly served with the Discovery Order as required by N.C. Gen. Stat. § 1-352.1, *see In re*

---

6. Furthermore, the parties have not addressed the issue of waiver of service.

BRANCH BANKING & TRUST CO. v. CHICAGO TITLE INS. CO.

[214 N.C. App. 459 (2011)]

*Z.T.B.*, 170 N.C. App. at 569, 613 S.E.2d at 300, and as the trial court awarded sanctions based upon defendant's noncompliance with the Discovery Order, we reverse the portion of the Receivership Order addressing sanctions. *See In re Z.T.B.*, 170 N.C. App. at 569, 613 S.E.2d at 300. As we are reversing the sanctions portion of the Receivership Order, we need not address defendant's argument regarding the Sanctions Order.

## IV. Conclusion

For the foregoing reasons, we dismiss defendant's appeal as to appointment of a receiver by the 31 December 2009 Receivership Order and reverse the sanctions portion of the 31 December 2009 Receivership Order and the 12 February 2010 Sanctions Order.

DISMISSED IN PART; REVERSED IN PART.

Judges HUNTER, JR., Robert N. and THIGPEN concur.