An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-230

Filed 17 December 2025

Cumberland County, No. 23CVS003287-250

CRISLER HERRING TIMMONS and KATHERINE HERRING CHRISTOPHE, Petitioners/Plaintiffs,

v.

STEPHEN M. HERRING, individually, and as Agent under Durable Power of Attorney for Tilda Gibbs Herring, Respondent/Defendant.

Appeal by Defendant from an order entered 23 August 2024 by Judge Jonathan W. Perry in Cumberland County Superior Court. Heard in the Court of Appeals 24 September 2025.

> *Ward & Smith, P.A., by Jenna Fruechtenicht Butler and Mary V. Cavanagh, for the Plaintiffs-Appellees.*
>
> *Sharon A. Keyes, for the Defendant-Appellant.*

WOOD, Judge.

Stephen M. Herring ("Defendant") appeals from an order entered 23 August 2024 finding him in contempt and imposing sanctions for disregarding discovery requests and orders. Defendant contends the trial court erred because Crisler

Herring Timmons ("Crisler") and Katherine Herring Christophe ("Katherine") (collectively "Plaintiffs") lacked standing and had no authority to obtain discovery, therefore, the contempt order is invalid. We disagree.

## I.    Factual and Procedural Background

Plaintiffs and Defendant are the only children of Tilda Gibbs Herring ("Mother"). Mother, living independently at the time, executed a limited power of attorney naming Crisler as her power of attorney agent, effective 26 January 2021. In September 2021, Defendant moved Mother from her home in Clinton to his home in Fayetteville, before eventually moving Mother into an assisted living facility, and "has not allowed [Mother] to return to her home" since. On 21 October 2022, durable power of attorney ("DPOA") documents naming Defendant as agent for Mother were executed and subsequently filed in the Cumberland County Registry "on or about January 6, 2023." Mother had significant assets which Plaintiffs contend were to be for the benefit of all three of her children. Plaintiffs further contend Defendant diverted assets by transferring Mother's assets to benefit himself and his immediate family, including among other things interest in their family beach house.

On 1 June 2023, Plaintiffs filed a complaint against Defendant individually and as agent under the 21 October 2022 DPOA alleging Defendant has sought to control Mother and her assets. Among the allegations, Plaintiffs contend Defendant has secluded Mother from them and has prevented her from having contact with friends and family, specifically stating that Mother "had been moved into assisted

living for over two months before family and friends obtained knowledge of the move." The initial complaint asserted a claim for breach of fiduciary duty and requested an accounting of Mother's assets and injunctive relief ceasing Defendant's "control of [Mother's] ability to see people, take trips and enjoy a more comfortable and enjoyable manner of living." On 29 June 2023, Plaintiffs filed a first amended petition and complaint asserting an additional claim for relief for invalidation of the 21 October 2022 DPOA and the health care power of attorney.

The trial court granted a preliminary injunction on 5 July 2023. On 10 July 2023, Plaintiffs served Defendant with the first set of interrogatories, and on 18 September 2023, Defendant served unverified responses to the first set of interrogatories but did not produce the requested documents along with his responses. On 8 February 2024, Plaintiffs filed a motion to compel answers and responses to written discovery. That same day, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) claiming that the action is now "moot in light of the recent appointment of a General Guardian for [Mother.]" On 12 February 2024, Defendant filed ten objections and motions to quash subpoenas on behalf of the Willard I. Herring Trust; the Willard I. Herring Credit Shelter Trust; Herring Management, LLC; the Herring Beach Property Trust; Sarah T. Herring, LLC; Tilda Gibbs Herring, LLC; Stephen Herring and the Willard I. Herring Marital Trust; Willard Herring Investments, LLC; the Tilda Gibbs Herring Family Limited Partnership; and the Sarah T. Herring Family Limited Partnership. Defendant is either the registered

agent, manager, or trustee for all these third parties. On 14 February 2024, Plaintiffs filed a motion to compel compliance with the subpoenas.

The trial court granted the motions to compel Defendant to comply with document requests and subpoenas on 4 March 2024. On 4 April 2024, Defendant filed an answer to Plaintiffs' first amended petition and complaint. Defendant remained in noncompliance with the discovery requests. On 29 July 2024, Plaintiffs filed a motion for civil contempt and sanctions against Defendant. A hearing on the motion was held on 5 August 2024. On 23 August 2024, the trial court entered an order concluding, in pertinent part:

> 52. This Court possesses the power, pursuant to Rule 37, and Rule 45 and otherwise, to hold persons in contempt and to sanction disobedient parties.
>
> 53. [Defendant], individually, and as agent for the subpoenaed parties should be found in contempt of court.
>
> 54. [Defendant], as a party to this action, should be subject to sanctions for his conduct.
>
> . . . .
>
> 61. Based on the information received and reviewed, the Court concludes that Defendant, individually and as agent for the subpoenaed third-parties, has engaged in substantial misconduct.
>
> 62. Not only did Defendant disregard his discovery obligations by not producing a single document and asserting improper objections in his initial Discovery Responses, but even after the hearing on Plaintiffs' Motion to Compel, he failed to take seriously and abide by this Court's March 20, 2024 Order on Motions to Compel, continuing to purposefully withhold information and

relying on already overruled objections to stonewall the Plaintiffs' attempts to obtain information necessary to adjudicate the serious allegations at issue in this case.

. . . .

68. Defendant should be found in contempt and appropriate sanctions are warranted.

Based on the findings of fact and conclusions of law, the trial court ordered:

3. Defendant, Stephen Herring, individually and as agent for the parties to whom the Subpoenas were issued, is hereby declared to be in civil contempt of this Court.

4. Defendant's Answer to the Plaintiffs' First Amended Petition and Complaint, including all affirmative defenses, is hereby stricken in its entirety. All allegations of Plaintiff's First Amended Petition and Complaint shall hereafter be deemed admitted and Defendant shall not be allowed to introduce any evidence or legal arguments contrary to such admissions.

. . . .

7. Plaintiffs shall be entitled to recover from Defendant their reasonable expenses, including attorneys' fees, incurred in investigating the conduct necessitating the Motions to Compel and the Motions for Sanctions and in seeking and obtaining the relief afforded through the Motions to Compel and Motions for Sanctions.

Plaintiffs filed a second amended verified petition and complaint that same day. On 18 September 2024, Defendant filed notice of appeal of the 23 August 2024 order granting Plaintiffs' motion for civil contempt and sanctions against Defendant. At the time Defendant filed his notice of appeal, the order setting the specific amount awarded to Plaintiffs for attorneys' fees had not yet been entered and is not included

in the record on appeal.

## II. Analysis

Defendant appeals the trial court's 23 August 2024 order imposing sanctions and declaring Defendant to be in civil contempt for disregarding discovery requests and orders. Defendant argues Plaintiffs did not establish legal standing in their initial complaint or their first amended complaint. Further, because Plaintiffs did not establish standing, the trial court should not have ordered continued discovery, contempt, or sanctions against Defendant. For the reasons stated herein, we affirm the trial court's order.

### A. Jurisdiction

Although the issues in the underlying matter have not been resolved, orders imposing penalties for contempt of court and orders imposing sanctions under Rule 37 are immediately appealable as a final judgment. *Batesville Casket Co. v. Wings Aviation, Inc.*, 214 N.C. App. 447, 457, 716 S.E.2d 13, 20 (2011). The trial court found Defendant in contempt and imposed sanctions pursuant to Rule 37 and Rule 45 of the North Carolina Rules of Civil Procedure. Thus, the order is immediately appealable.

### B. Standards of Review

"The imposition of sanctions under North Carolina Rules of Civil Procedure 37 for a party failing to comply with discovery requests and the trial court's decisions 'is a matter within the sound discretion of the trial court and cannot be overturned on appeal absent a showing of abuse of discretion.'" *Porters Neck Ltd., LLC v. Porters*

*Neck Country Club, Inc.*, 276 N.C. App. 95, 100, 855 S.E.2d 819, 825 (2021) (quoting *Burns v. Kingdom Impact Glob. Ministries, Inc.*, 251 N.C. App. 724, 729, 797 S.E.2d 21, 25 (2017)). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *GEA, Inc. v. Luxury Auctions Mktg., Inc.*, 259 N.C. App. 443, 452, 817 S.E.2d 422, 430 (2018) (quoting *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995)).

"In reviewing the trial court's order under the abuse of discretion standard, any unchallenged findings of fact are binding on appeal." *Dunhill Holdings, LLC v. Lindberg*, 282 N.C. App. 36, 55, 870 S.E.2d. 636, 654 (2022). "We review a trial court's determination of civil contempt to determine 'whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law.'" *Collins v. Holley*, __ N.C. App. __, __, 919 S.E.2d 24, 30 (2025) (quoting *Deanes v. Deanes*, 269 N.C. App. 151, 162, 837 S.E.2d 404, 412 (2020)). Uncontested findings of fact are binding on appeal. *Isom v. Duncan,* 279 N.C. App. 171, 175, 864 S.E.2d 831, 836 (2021).

"This Court reviews the trial court's decisions regarding standing and jurisdiction *de novo*, substituting our own judgment and considering each question of law anew." *In re Custodial L. Enf't Agency Recordings*, 287 N.C. App. 566, 570, 884 S.E.2d 455, 458 (2023).

**C. Standing**

Defendant argues the trial court failed to recognize that Plaintiffs lacked standing to bring their claims; therefore, Plaintiffs had no authority to obtain any of the discovery requested and the trial court "should not have ordered continued discovery, contempt, and sanctions against Defendant." Defendant asserts that Plaintiffs do not have standing to bring the action because Mother "would have an exclusive right to bring [] any wrong done to her." We disagree. In support of his contention, Defendant quotes *Willis v. Duke Power Co.* where our Supreme Court held:

> that when a civil litigant is adjudged to be in contempt for failing to comply with an earlier discovery order, the contempt proceeding is both civil and criminal in nature and the order is immediately appealable for the purpose of testing the validity both of the original discovery order and the contempt order itself where, as here, the contemnor can purge himself of the adjudication of contempt only by, in effect, complying with the discovery order of which he essentially complains.

*Willis v. Duke Power Co.*, 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976). As "standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction, issues pertaining to standing may be raised for the first time on appeal." *Sanchez v. Town of Beaufort*, 211 N.C. App. 574, 577, 710 S.E.2d 350, 353 (2011) (cleaned up) (quoting *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878-79 (2002)). Defendant argues further, "[w]hen no standing exists there is no right to pursue a claim and demand documents and information from a non-party that is the subject of the non-existent claim."

Plaintiffs assert their claim pursuant to N.C. Gen. Stat. § 32C-1-116 and N.C. Gen. Stat. § 32C-1-117 under the North Carolina Uniform Power of Attorney Act ("POA Act"). Proceedings brought pursuant to the POA Act may be brought by:

(1) The principal or the agent.

(2) A general guardian, guardian of the principal's estate, or guardian of the principal's person.

(3) The personal representative of the estate of a deceased principal.

(4) A person authorized to make health care decisions for the principal.

(5) *Any other interested person*, including a person asked to accept a power of attorney.

N.C. Gen. Stat. § 32C-1-116(c) (emphasis added). In their first amended complaint, Plaintiffs specifically allege they are authorized as interested persons under N.C. Gen. Stat. § 32C-1-116(c)(5) to bring their claims against Defendant. "Standing to sue means simply that the party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *In re Estate of Phillips*, 251 N.C. App. 99, 104, 795 S.E.2d 273, 278 (2016) (quoting *Town of Ayden v. Town of Winterville*, 143 N.C. App. 136, 140, 544 S.E.2d 821, 824 (2001)). Plaintiffs' complaint centers around Defendant's actions as power of attorney and his alleged mishandling of Mother's assets. Plaintiffs are Mother's other two children and have specifically contended they have an equal interest in those assets they believe Defendant to be mishandling. Therefore, we hold Plaintiffs are interested persons and have standing

within the meaning of N.C. Gen. Stat. § 32C-1-116(c) to bring this action.

Further, as Plaintiffs correctly point out, on appeal Defendant does not contest the sanctions imposed on him by this order. Defendant does not contest any finding of fact or conclusion of law, nor does he argue that the trial court abused its discretion in entering the 23 August 2023 order. "Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(6). Thus, because we have determined Plaintiffs have standing to assert their claim and Defendant has abandoned all other arguments, we affirm the trial court's order.

## III. Conclusion

For the reasons stated herein, we hold the trial court did not abuse its discretion by holding Defendant in contempt and imposing sanctions. Consequently, we affirm the trial court's order.

AFFIRMED.

Judges ZACHARY and HAMPSON concur.

Report per Rule 30(e).