IN THE MATTER OF NATASHA EVERETTE

No. COA98-748

(Filed 20 April 1999)

**Juvenile— neglected—findings—insufficient**

A trial court order concluding that a juvenile was neglected was remanded where the conclusion was not supported by adequate findings of fact and did not support the ajudicatory and disposition orders. The finding of fact that the juvenile was not provided proper care, supervision, or discipline by her mother was more properly a conclusion of law; even assuming that the court's determination may be characterized as a finding a fact, the matter must be remanded for findings regarding the effect on the juvenile of the failure of her mother to provide proper care, supervision, and discipline. More than one inference can be drawn from the evidence as to whether the juvenile was at a substantial risk of impairment or had suffered impairment.

Appeal by respondent mother from judgment entered 19 February 1998 by Judge Joseph M. Buckner in Chatham County District Court. Heard in the Court of Appeals 16 March 1998.

*Paul G. Ennis for respondent-appellant mother.*

*Lunday A. Riggsbee for petitioner-appellee Department of Social Services.*

HORTON, Judge.

Chatham County Department of Social Services (petitioner) filed a petition on 21 August 1997, alleging that the juvenile, N.E., was an abused and neglected juvenile due to certain actions of her mother, the appellant herein. The juvenile's father is a resident of another state and is not involved in this appeal. The mother contests the allegations of the petition. An evidentiary hearing was held before the trial court on 22 January 1998. At the conclusion of the hearing, the trial court dismissed the abuse allegations, but found that the juvenile was neglected. In support of its determination, the trial court made the following findings of fact by clear, cogent, and convincing evidence:

**IN RE EVERETTE**

[133 N.C. App. 84 (1999)]

1. [Sets out persons present in court.]

2. That the juvenile is neglected in that she is not provided proper care, supervision or discipline by her mother.

3. That since the Chatham County Department of Social Services assumed temporary custody, the mother has improved the condition of the house and has completed parenting classes.

Based on those three findings of fact, the trial court concluded that "the juvenile is a neglected juvenile as defined in N.C.G.S. 7A-517(21)." The trial court then ordered that legal custody of the juvenile remain with the petitioner. Respondent mother appealed.

At the close of all the evidence in a bench trial, the trial court must make findings of fact and state separate conclusions of law in order to assist us in understanding the basis for the trial court's decision. *In re Hughes,* 74 N.C. App. 751, 756, 330 S.E.2d 213, 217 (1985). *See also* N.C. Gen. Stat. § 1A-1, Rule 52 (1990). A "conclusion of law" is a statement of the law arising on the specific facts of a case which determines the issues between the parties. *Id.* at 759-60, 330 S.E.2d at 219. If the trial court's conclusions of law are supported by findings of fact based on clear, cogent and convincing evidence, and the conclusions of law support the order or judgment of the trial court, then the decision from which appeal was taken should be affirmed. *Id.* at 758-59, 330 S.E.2d at 218.

Here, the determinative issue between the parties was whether the juvenile was "neglected" within the meaning of the Juvenile Code. There were sharply contested issues of fact raised by the evidence in this case. The trial court's conclusion that the juvenile was "neglected," however, is not supported by adequate findings of fact and does not support the adjudicatory and dispositional orders entered by it.

It appears, therefore, that this matter must be remanded to the trial court for two reasons. First, the "finding of fact" by the trial court that "[the juvenile] is not provided proper care, supervision or discipline by her mother" is more properly denominated a conclusion of law. We acknowledge that "[t]he classification of a determination as either a finding of fact or a conclusion of law is admittedly difficult. As a general rule, however, any determination requiring the exercise of judgment, or the application of legal principles, is more properly classified a conclusion of law." *In re Helms,* 127 N.C. App. 505,

510, 491 S.E.2d 672, 675 (1997) (citations omitted). Determination that a child is not receiving proper care, supervision, or discipline, requires the exercise of judgment by the trial court, and is more properly a conclusion of law. No other findings of fact support the conclusion by the trial court that Natasha is a neglected juvenile. Even assuming that the trial court's determination may be characterized as a finding of fact, the matter must be remanded for findings with regard to the effect on the juvenile of the failure of her mother to provide proper care, supervision, and discipline.

We have consistently held that "there [must] be some physical, mental, or emotional impairment of a juvenile or a substantial risk of such impairment as a consequence of the failure to provide 'proper care, supervision, or discipline' " in order to support a neglect adjudication. *Id.* at 511, 491 S.E.2d at 676 (quoting *In re Safriet,* 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993)). Although the trial court found that the respondent did not provide Natasha with proper care, supervision or discipline, the trial court did not make any findings that Natasha was impaired or at substantial risk of impairment as the result of respondent's actions. In *Helms,*

> the findings of fact reveal[ed] that [the juvenile] was substantially at risk due to the instability of her living arrangements, and Respondent and [the juvenile] moved at least six times during the four months Respondent retained custody. Respondent also placed [the juvenile] at substantial risk through repeated exposure to violent individuals, one of whom uses cocaine. Furthermore, the environment in which Respondent and [the juvenile] lived was injurious in that it involved drugs, violence, and attempted sexual assault. The trial court's findings of fact therefore support the conclusion of law that [the juvenile] is a neglected juvenile.

*Id.* at 512, 491 S.E.2d at 676.

Here, more than one inference can be drawn from the evidence as to whether Natasha was at a substantial risk of impairment or had suffered impairment. The matter must therefore be remanded so that the trial court can make appropriate findings of fact from the credible evidence and enter conclusions of law based thereon. *See Safriet,* 112 N.C. App. at 753, 436 S.E.2d at 902 (affirming the trial court even though there were no findings of impairment or substantial risk of impairment because that was the only inference which could be drawn from the facts of that case).

The trial court need not take any additional evidence unless it chooses in its discretion to do so. Due to the passage of time since appeal was taken in this case, the trial court shall consider evidence of any changes in the circumstances and needs of the juvenile in entering an appropriate dispositional order.

Vacated and remanded.

Judges GREENE and LEWIS concur.