IN THE MATTER OF: REYES, a minor child DOB: 1-22-95

No. COA99-743

(Filed 7 March 2000)

**Termination of Parental Rights— past adjudication of neglect—probability of repetition**

    The trial court did not err in terminating respondent mother's parental rights under former N.C.G.S. § 7A-289.32(2) because even if there is no evidence of neglect at the time of the termination proceeding, parental rights may be terminated if there is a showing of a past adjudication of neglect and the trial court finds by clear and convincing evidence a probability of repetition of neglect if the juvenile were returned to her parents.

Appeal by respondent from order entered 1 December 1998 and signed 16 December 1998 by Judge Samuel S. Stephenson in Lee County District Court. Heard in the Court of Appeals 15 February 2000.

*Lee County Attorney's Office, by K.R. Hoyle, Sr. and Brenda B. White, for petitioner-appellee Lee County Department of Social Services.*

*Love & Love, P.A., by Jim L. Love, Jr., for respondent-appellant.*

*Harrington, Ward, Gilleland & Winstead, by Eddie S. Winstead, III, attorney advocate.*

GREENE, Judge.

Veronica Reyes (Appellant) appeals a 16 December 1998 order terminating her parental rights as mother of Zenaida Lis Reyes (Reyes), a minor child.

The evidence shows that Tabitha Smith (Smith), a child protective services worker with the Lee County Department of Social Services (Social Services), testified Social Services first came into contact with Appellant in February of 1997 when it received a referral for Reyes. At the time of the referral, Reyes was two years old, and Smith testified she "had received severe and inappropriate discipline that resulted in bruising on her buttocks, thighs, face and ear." As a result of this incident, Reyes was removed from the custody of

Appellant for approximately one month and was adjudicated abused and neglected in an 18 March 1997 order.

On 24 March 1997, Reyes was again taken into protective custody by Social Services when her four-month-old brother received a severe injury. On 25 March 1997, Reyes' brother died "due to shaken baby syndrome" and Appellant later pleaded guilty to involuntary manslaughter as a result of his death. Appellant was then incarcerated, and Reyes remained in the custody of Social Services.

Following her incarceration, Appellant was allowed supervised visitation of Reyes. Smith testified Appellant did not inappropriately discipline Reyes during supervised visitation, and Appellant participated in parenting classes. Smith read into evidence the following statement, made by an instructor of the parenting classes, regarding Appellant's performance in the class:

> "[T]hroughout this series, [Appellant's] responses to situational questions and discussions consistently involved violence. [Appellant] attempted to rationalize her responses by saying that she would handle these situations the way her mother handled them with her. Also, many of the situations that [Appellant] described as making her 'lose it' were everyday types of situations.
>
> For example, [Appellant] said that one of the things that makes her 'lose it' is when her daughter, [Reyes], tells her, 'No.' "

Smith concluded there was a "very high probability" Appellant would engage in violence towards Reyes if she was in Appellant's custody.

Appellant testified on her own behalf that she understood the punishment Reyes had received when Appellant hit Reyes with a shoe and left bruises on her body was "inappropriate," and since that time she has attended two sessions of parenting classes. She also began receiving mental health services subsequent to her release from prison and, at the time of the termination hearing, she was taking Prozac to treat depression. Appellant stated she has been attending nursing assistant classes and classes to assist her with obtaining her General Education Diploma.

On 16 December 1998, the trial court made the following pertinent finding of fact by clear, cogent, and convincing evidence:

"8. . . . [Reyes] is a neglected child within the meaning of N.C. Gen. Stat. § 7A-517(21), and there is a probability of the repetition of . . . neglect."

The trial court also incorporated into its findings of fact, by reference, an 18 March 1997 order adjudicating Reyes a neglected juvenile. The trial court then concluded[1] as a matter of law Appellant "has neglected [Reyes] within the meaning of N.C. Gen. Stat. § 7A-517(21)," and "sufficient grounds exist to terminate the parental rights of [Appellant]." Appellant's parental rights were then terminated, in pertinent part, pursuant to N.C. Gen. Stat. § 7A-289.32(2).[2]

The dispositive issue is whether the trial court's findings of fact support its conclusion of law that "sufficient grounds exist to terminate the parental rights of [Appellant]"[3] pursuant to N.C. Gen. Stat. § 7A-289.32(2).

Appellant's single argument is "the trial court treated [Reyes'] prior adjudication of neglect as determinative on the ultimate issue before it." We acknowledge that termination of parental rights may not be based solely upon a prior adjudication of neglect, *In re Ballard*, 311 N.C. 708, 714, 319 S.E.2d 227, 231-32 (1984); however, we do not agree with Appellant that the trial court treated the prior adjudication of neglect as determinative in this case.

Neglect, within the meaning of N.C. Gen. Stat. § 7A-517(21),[4] is one of the grounds which can support the termination of parental rights. N.C.G.S. § 7A-239.32(2) (repealed 1999).[5] To prove neglect in a termination case, there must be clear and convincing evidence, N.C.G.S. § 7A-635 (repealed 1999)[6]: (1) the juvenile has not, at the

---

1. We note the trial court included the neglect determination in both the findings of fact and the conclusions of law. The determination of neglect, requiring application of legal principles, is a conclusion of law. *In re Everette*, 133 N.C. App. 84, 86, 514 S.E.2d 523, 525 (1999).

2. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1111(a)(1) (1999).

3. Appellant does not argue in her brief to this Court that the evidence is insufficient to support the trial court's findings of fact and we, therefore, do not address that issue. *See In re Caldwell*, 75 N.C. App. 299, 301, 330 S.E.2d 513, 515 (1985).

4. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-101(15) (1999).

5. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1111(a)(1) (1999).

6. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-805 (1999).

time of the termination proceeding, "receive[d] proper care, supervision, or discipline from the juvenile's parent," N.C.G.S. § 7A-517(21); *Ballard*, 311 N.C. at 716, 319 S.E.2d at 232; and (2) the juvenile has sustained "some physical, mental, or emotional impairment . . . or [there is] a substantial risk of such impairment as a consequence of the failure to provide 'proper care, supervision[,] or discipline,' "[7] *In re Safriet*, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993) (quoting N.C.G.S. § 7A-517(21)). If there is no evidence of neglect at the time of the termination proceeding, however, parental rights may nonetheless be terminated if there is a showing of a past adjudication of neglect and the trial court finds by clear and convincing evidence a probability of repetition of neglect if the juvenile were returned to her parents. *Ballard*, 311 N.C. at 716, 319 S.E.2d at 232. Thus, the petitioner need not present evidence of neglect subsequent to the prior adjudication of neglect. *See In re Caldwell*, 75 N.C. App. 299, 302, 330 S.E.2d 513, 516 (1985).

In this case, the trial court incorporated into its findings of fact a prior order adjudicating Reyes neglected, and the trial court found as fact "there is a probability of the repetition of . . . neglect." These findings of fact support the trial court's conclusion of law that "sufficient grounds exist to terminate the parental rights of [Appellant]" pursuant to section 7A-289.32(2), and we, therefore, affirm the trial court's order terminating Appellant's parental rights.

Because we affirm the trial court's order terminating Appellant's parental rights pursuant to section 7A-289.32(2), we need not address Appellant's contention her parental rights were improperly terminated under N.C. Gen. Stat. § 7A-289.32(3)[8] and N.C. Gen. Stat. § 7A-289.32(4).[9]

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.

---

7. Although not applicable to this case, section 7A-517(21) provides grounds for neglect in addition to the failure to receive "proper care, supervision, or discipline from the juvenile's parent." N.C.G.S. § 7A-517(21). A petitioner seeking termination of parental rights based on these additional grounds would have the burden of proving the same elements as stated in this case in the context of the portion of the statute upon which the petitioner relies.

8. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1111(a)(2) (1999).

9. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1111(a)(3) (1999).