IN RE: ORE, A MINOR CHILD, DOB: 3/10/97, ESTER ORTIZ LECHUGA, PETITIONER V. ALETA REGINA ORE, RESPONDENT

No. COA03-73

(Filed 7 October 2003)

**Termination of Parental Rights— neglect—impairment**

The trial court did not err by terminating respondent mother's parental rights under N.C.G.S. § 7B-1111(a)(1) on the basis of neglect in a case where petitioner paternal grandmother

**IN RE ORE**

[160 N.C. App. 586 (2003)]

filed for the termination of respondent's parental rights, because: (1) N.C.G.S. § 7B-1103(a)(5) grants the authority to petition for termination of parental rights to any person with whom the juvenile has resided for a continuous period of two years or more next preceding the filing of the petition or motion, and the minor child in this case has lived with petitioner for the two years next preceding filing the motion; (2) nothing supports respondent's assertion that termination on the basis of neglect is appropriate only when a child has been taken from a parent due to neglect; (3) respondent rarely visited with her child, despite having the right to weekly supervised visitation; (4) respondent spoke to her child on the phone only after calling petitioner to ask for money and petitioner requested she speak with the child; (5) respondent's attempts to visit with the child were often made at inappropriate times; and (6) an express finding of fact regarding the impairment of the minor child is not required where the evidence supports such a finding, and respondent continuously failed to parent or even maintain contact with her child.

Appeal by respondent from order entered 10 October 2002 by Judge William M. Neely in Randolph County District Court. Heard in the Court of Appeals 11 September 2003.

*Scott N. Dunn, for petitioner-appellee.*

*Rebekah W. Davis, for respondent-appellant.*

CALABRIA, Judge.

Aleta Regina Ore ("respondent") appeals the 10 October 2002 order terminating her parental rights. We affirm the order of the trial court terminating respondent's parental rights on the basis of neglect.

The child was born on 10 March 1997. In 1998, her father was granted custody, which he maintained until his death in 1999. Thereafter, on 20 April 2000, the child's paternal grandmother, Ester Ortiz Lechuga ("petitioner") was awarded temporary custody of the minor child. On 18 October 2000, petitioner was awarded permanent custody of the minor child, and respondent was awarded weekly supervised visitation. On 15 May 2002, petitioner filed for termination of respondent's parental rights. The hearing was held on 22 August 2002, and although respondent did not attend, she was represented by counsel. Respondent asserts the court erred in finding,

*inter alia,* petitioner neglected the child within the meaning of N.C. Gen. Stat. § 7B-101, and improperly terminated her parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1). We disagree and affirm the order of the trial court.

Respondent asserts: (1) termination on the basis of neglect applies only when the child has been removed from the parent's custody by the Department of Social Services; (2) petitioner failed to prove she neglected the child; (3) petitioner failed to prove the child was impaired or there was a substantial risk of impairment due to neglect, and therefore the court erred in terminating respondent's parental rights.

First, the plain language of the statute grants the authority to petition for termination of parental rights to "[a]ny person with whom the juvenile has resided for a continuous period of two years or more next preceding the filing of the petition or motion." N.C. Gen. Stat. § 7B-1103(a)(5) (2001). Since the minor child lived with petitioner for the two years next preceding filing the motion, she was a proper person to file the petition. The statute thereafter provides the grounds for terminating parental rights. N.C. Gen. Stat. § 7B-1111 (2001). One basis for termination is finding the parent has neglected the juvenile. N.C. Gen. Stat. § 7B-1111(a)(1). Nothing in the language of the statute supports respondent's assertion that termination on the basis of neglect is appropriate only when "a child has been taken from a parent due to neglect." While the most common application of termination on the basis of neglect may arise after a child is removed from a parent's custody on this basis, we find no support for respondent's argument that the trial court improperly failed to limit the statute's application.

Second, respondent asserts petitioner failed to prove she neglected the child. A neglected juvenile is "[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent. . . ." N.C. Gen. Stat. § 7B-101(15) (2001). The trial court found as fact respondent rarely visited with her child, despite having the right to weekly supervised visitation. She spoke to her child on the phone only after calling petitioner to ask for money and petitioner requested she speak with the child. Moreover, respondent's attempts to visit with the child were often made at inappropriate times; for example four days before the hearing, respondent arrived at petitioner's door at 12:30 a.m. demanding money and visitation with the child. Through this lack of contact, the court found "[r]espondent has neglected the minor child in that she has not provided any parental

guidance, personal contact, love or custodial /spiritual support for at least six (6) months prior to the filing of this petition. . . ." Respondent argues her actions do not constitute neglect because "[i]nfrequent visitation is not neglect" nor is failure to provide " 'parental guidance, personal contact, love or custodial/ spiritual support.' " We disagree. As we have previously explained:

> 'Neglect may be manifested in ways less tangible than failure to provide physical necessities. Therefore, on the question of neglect, the trial judge may consider, in addition, a parent's complete failure to provide the personal contact, love, and affection that inheres in the parental relationship.'

*In re Pierce*, 67 N.C. App. 257, 263, 312 S.E.2d 900, 904 (1984) (quoting *In re Apa*, 59 N.C. App. 322, 324, 296 S.E.2d 811, 813 (1982)). The trial court in the case at bar considered the parental relationship and found the child was neglected. We do not discern error.

Finally, respondent asserts the trial court erred in terminating her parental rights without finding the child was impaired, or there was a substantial risk of impairment, by her neglect. To prove neglect in a termination case, there must be clear, cogent and convincing evidence of (1) neglect and (2) as a consequence of the neglect, "the juvenile has sustained 'some physical, mental, or emotional impairment . . . or [there is] a substantial risk of such impairment. . . .' " *In re Reyes*, 136 N.C. App. 812, 815, 526 S.E.2d 499, 501 (2000) (quoting *In re Safriet*, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993)). In the case at bar, the court did not make any findings of fact regarding the impairment prong, but this Court previously reasoned that an express finding of fact regarding impairment is not required where the evidence supports such a finding. *Safriet*, 112 N.C. App. at 753, 436 S.E.2d at 902. In the case at bar, the court found that respondent had failed to parent, or even maintain contact with, the child. Moreover, the court found respondent's neglectful behavior was likely to continue for the foreseeable future because "[r]espondent has a history of being incarcerated for various criminal offenses as well as a long history of substance abuse and failure to address those problems with necessary treatment. . . ." Finally, the court added that "these incapabilities of being capable to provide for proper care and supervision will continue for the foreseeable future." These facts demonstrate not only neglect, but also that the minor child was at a substantial risk of impairment due to the neglect. Accordingly, defendant's assignment of error is overruled.

Since the termination of respondent's parental rights was proper on the basis of neglect, and a valid finding on one of the grounds for termination provided in the statute is "sufficient to support an order terminating parental rights[,]" we need not address respondent's remaining assignments of error. *In re Williamson*, 91 N.C. App. 668, 678, 373 S.E.2d 317, 322-23 (1988).

Affirmed.

Judges McGEE and HUNTER concur.