652 S.E.2d 1 (2007)
In the Matter of T.M.H.
No. COA07-609.
Court of Appeals of North Carolina.
October 16, 2007.
Robert E. Ewing, Winston-Salem, for respondent-appellant.
Hedahl and Radtke Famly Law Center, by Debra J. Radke, Fayetteville, for petitioner-appellee.
STEELMAN, Judge.
Where the trial court failed to make findings of fact and conclusions of law concerning the willfulness of respondent's conduct, the order of the trial court must be vacated and remanded for further findings.
On 23 January 2006, mother filed a petition to terminate father's parental rights to T.M.H. The verified petition alleged that the father had failed to pay reasonable support or have any contact with the minor child for a continuous period of more than six months and failed to acknowledge birthdays, Christmas, or other holidays. The petition further alleged that mother was a resident of Cumberland County, North Carolina, and that respondent was the biological father of the child and a resident of Nash County, North Carolina. On 24 January 2006, a summons issued. In an answer filed 4 October 2006, respondent admitted his paternity of the minor child and his residency in North Carolina but denied petitioner's substantive allegations regarding the grounds for termination.
After a two-day hearing in December 2006, the trial court ordered that father's parental rights be terminated. On 27 February 2007, the court entered a written order reflecting, *2 in relevant part, the following findings of fact:
8. That the court finds by clear, cogent and convincing evidence that [T.B. and T.H.] are the parents of . . . T.M.H. born . . . in Nash County. . . .
. . . .
13. . . . [T]hat after [May 2001] father had little or no [ ] contact with the minor child.
. . . .
15. That the . . . father did not attempt to exercise [Christmas] visitation with [the paternal grandparents].
16. That the father left Nash County [to live] in the Charlotte/Concord area thereafter and continues to reside there at this time.
17. That subsequent to the entry of the child support order in 1998, the father paid . . . child support of approximately $1000.00 in 1999, approximately $1000.00 in 2000, $400.00 in 2004, $30.00 in 2005 and $1000.00 in 2006.
18. That much of the payment for . . . child support [was made] in order to avoid being placed in jail for . . . failure to comply.
19. That [the father] testified . . . that he had the ability to pay child support during that period of time but chose not to since he was not visit[ing] with the minor child during that period.
20. That the father did not take the action necessary to enforce [his previously-entered] visitation order. . . .
21. That [the father] made no real effort to maintain contact with . . . the minor child following the year 2001.
. . . .
24. That the father has not maintained a relationship with the minor child and the child knows the step father a[s] the emotional and father [sic] in his life.
25. That the father ha[s], in fact, abandoned the minor child.
26. That the father failed to pay adequate child support for the minor child although he had the ability to do so.
The order reflected the following two conclusions of law:
1. That there are grounds for termination of [father's] parental rights.
2. That it is in the child's best interest that [father's] parental rights be terminated.
Father filed timely notice of appeal from the termination order.

I. Jurisdictional Challenge
In his first argument, father contends that, because the petition failed to comply with N.C.G.S. § 7B-1104, the trial court was without subject matter jurisdiction over the case. We disagree.
N.C.G.S. § 7B-1104 (2005) requires a verified petition to include: (1) the child's name, date and place of birth, as well as county of current residence; (2) petitioner's name and address, and status upon which she is authorized to file such a petition; (3) name and address of both parents; (4) facts sufficient to warrant a determination that one or more grounds exist for terminating parental rights; and (5) a statement that the petition has not been filed to circumvent the Uniform Child-Custody Jurisdiction and Enforcement Act.
Only a violation of the verification requirement of N.C.G.S. § 7B-1104 has been held to be a jurisdictional defect per se. In re Triscari Children, 109 N.C.App. 285, 287-88, 426 S.E.2d 435, 436 (1993) (applying former N.C.G.S. § 7A-289.25); see also In re T.R.P., 360 N.C. 588, 593-94, 636 S.E.2d 787, 792 (2006).
Father's reliance on In re Z.T.B., 170 N.C.App. 564, 613 S.E.2d 298 (2005) is misplaced. Although this Court held that the failure of the petitioner to set forth the information required by N.C.G.S. § 7B-1104 was reversible error, even absent a showing of prejudice, the decision was grounded in the Court's inability to follow the trial court's reasoning for its conclusions. Id. at 569-70, 613 S.E.2d at 301. The opinion distinguished the case from In re Humphrey, 156 N.C.App. 533, 577 S.E.2d 421 (2003) (requiring a showing of prejudice) as follows:
In Humphrey, this Court had all the facts available to it for review. . . . Humphrey is further distinguishable in that the defect in the petition in that case could be overcome by information contained on the face of the petition itself.
*3 In re Z.T.B., 170 N.C.App. at 569-70, 613 S.E.2d at 301.
We find the petition filed in this cause sufficient to confer jurisdiction on the district court. Father asserts no prejudice arising from the alleged omissions, and we find none. The record as a whole discloses that father had access to all of the information required by the statute, and the petition was substantially compliant on its face.
This argument is without merit.

II. Appellate Review
In his second argument, father contends that, because the trial court failed to make specific findings of fact or to state in its conclusions of law that the father's actions were willful, the findings do not conclusively establish grounds for termination of parental rights. We agree.
This Court is bound by its prior decisions encompassing the same legal issue. In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989). In In re D.R.B., ___ N.C.App. ___, 643 S.E.2d 77 (2007), this Court vacated a judgment that failed to articulate the specific grounds for termination, stating:
For this Court to exercise its appellate function, the trial court must enter sufficient findings of fact and conclusions of law to reveal the reasoning which led to the court's ultimate decision.
Id., ___ N.C.App. at ___, 643 S.E.2d at 79 (citing Coble v. Coble, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980)). "Without an identified basis for the court's adjudication under [N.C.G.S.] § 7B-1109(e), we cannot effectively review the termination order." Id., ___ N.C.App. at ___, 643 S.E.2d at 80.
Although the trial court's conclusions of law fail to identify which statutory grounds the court relied upon in terminating parental rights, petitioner suggests that there were two grounds: (1) failure to provide support under N.C.G.S. § 7B-1111(a)(4); and (2) abandonment under N.C.G.S. § 7B-1111(a)(7). One of the required elements that petitioner must demonstrate to establish each of these grounds is that respondent's conduct was "willful." The order before us contains no findings of willfulness. In the absence of a finding of willfulness, the trial court's order does not establish grounds for termination. See id.; In re Matherly, 149 N.C.App. 452, 455, 562 S.E.2d 15, 18 (2002).
We further note that the termination order was printed, signed, and filed on the ruled stationery of petitioner's trial attorney. It is important that our trial courts not only be impartial, but also have every appearance of impartiality. We strongly discourage judges from signing orders prepared on stationery bearing the name of any law firm.
We vacate the order and remand the matter to the trial court with instructions to make appropriate findings as to the willfulness of father's conduct, and then, if appropriate, to articulate conclusions of law that include the grounds under N.C.G.S. § 7B-1111(a) which form the basis for termination. The trial court may, in its discretion, receive additional evidence on remand. See Heath v. Heath, 132 N.C.App. 36, 38, 509 S.E.2d 804, 805 (1999). In light of our decision, we decline to address respondent's remaining assignments of error.
AFFIRMED IN PART.
VACATED AND REMANDED IN PART.
Judges JACKSON and STROUD concur.