An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1029
NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

IN THE MATTER OF:

|   |   |
|---|---|
| S.B.A., A Minor Child | Greene County |
| T.L.A., A Minor Child | Nos. 11 JT 03 |
|  | 11 JT 04 |

Appeal by respondent-mother and respondent-father from orders entered 12 and 14 June 2013 by Judge Timothy I. Finan in Greene County District Court.  Heard in the Court of Appeals 14 April 2014.

*James W. Spicer, III, for petitioner-appellee Greene County Department of Social Services.*

*The Opoku-Mensah Law Firm, PLLC by Gertrude Opoku-Mensah for guardian ad litem.*

*Duncan B. McCormick for respondent-appellant mother.*

*Sydney Batch for respondent-appellant father.*

DAVIS, Judge.

Respondent-mother and Respondent-father (collectively "Respondents") appeal from the district court orders terminating

their parental rights to their children "Sam" and "Tina."[1]  After careful review, we affirm.

**Factual Background**

In February 2011, Greene County Department of Social Services ("DSS") filed petitions alleging that Sam and Tina (collectively "the children") were neglected juveniles.  The trial court held an adjudication hearing on 21 March 2011.  The day of the hearing, Respondent-mother tested positive for "opiates and cocaine," and Respondent-father tested positive for "benzos" (benzodiazepine).  By orders entered 15 April 2011, the trial court adjudicated the children neglected and continued custody of the children with DSS, with whom the children were already in custody at the time of the hearing.

In its adjudication orders, the trial court ordered Respondent-father to complete substance abuse and mental health assessments and made the following recommendations:  (1) maintain employment; (2) obtain and maintain stable housing for him and his children; (3) submit to random drug testing; (4) complete a parenting program and demonstrate the skills learned; and (5) receive a domestic violence assessment and follow all

---

[1] The pseudonyms "Sam" and "Tina" are used throughout this opinion to protect the identity of the children and for ease of reading.

recommendations. The trial court ordered Respondent-mother to: (1) continue to attend Reformers Unanimous Program meetings at Emmanuel Free Will Baptist Church; (2) follow recommendations for treatment of her depression and anxiety; (3) obtain her GED; (4) obtain and maintain stable housing for her and her children; (5) submit to random drug testing; (6) complete a parenting program and demonstrate the skills learned; and (7) receive a domestic violence assessment and follow all recommendations.

After holding a permanency planning hearing on 4 June 2012, the trial court ceased reunification efforts with Respondents and ordered a permanent plan of adoption. On 30 July 2012, DSS filed petitions to terminate Respondents' parental rights to the children, alleging Respondents neglected the children pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (2013). The termination of parental rights hearing was held on 14 March 2013, after which the trial court found that grounds existed to terminate Respondents' parental rights on the basis of neglect. The court also determined that termination of Respondents' parental rights was in the best interests of Sam and Tina and entered orders terminating Respondents' rights. Respondent-father and Respondent-mother separately appeal.

**Analysis**

A proceeding to terminate parental rights is a two-step process involving an adjudication phase and a disposition phase. *In re Blackburn,* 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). During the adjudication phase, the trial court must determine whether the petitioner has established — by clear, cogent, and convincing evidence — that at least one of the ten grounds for termination enumerated in N.C. Gen. Stat. § 7B-1111 exists. *Id.* If the court determines that the existence of a statutory ground for termination was established, it then moves into the disposition phase, where it considers whether the termination of parental rights is in the best interests of the juvenile. *Id.*

On appeal, we review a trial court's order terminating parental rights to determine whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether those findings, in turn, support its conclusions of law. *In re Shepard,* 162 N.C. App. 215, 221, 591 S.E.2d 1, 6, *disc. review denied,* 358 N.C. 543, 599 S.E.2d 42 (2004). "We then consider, based on the grounds found for termination, whether the trial court abused its discretion in finding termination to be in the best interests of the child." *Id.* at 222, 591 S.E.2d at 6.

## I. Grounds for Termination

The trial court terminated Respondents' parental rights to Sam and Tina on the basis of neglect pursuant to N.C. Gen. Stat. § 7B-1111(a)(1). "A finding of neglect sufficient to terminate parental rights must be based on evidence showing neglect at the time of the termination proceeding." *In re Young*, 346 N.C. 244, 248, 485 S.E.2d 612, 615 (1997). However, "a prior adjudication of neglect may be admitted and considered by the trial court in ruling upon a later petition to terminate parental rights on the ground of neglect." *In re Ballard*, 311 N.C. 708, 713-14, 319 S.E.2d 227, 231 (1984). When a prior adjudication of neglect is considered by the trial court, "[t]he trial court must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect." *Id.* at 715, 319 S.E.2d at 232. Thus, where

> there is no evidence of neglect at the time of the termination proceeding . . . parental rights may nonetheless be terminated if there is a showing of a past adjudication of neglect and the trial court finds by clear and convincing evidence a probability of repetition of neglect if the juvenile were returned to [his or] her parents.

*In re Reyes*, 136 N.C. App. 812, 814, 526 S.E.2d 499, 501 (2000).

Here, it is undisputed that the children had previously been adjudicated neglected juveniles by order entered 15 April

2011. However, Respondents contend the trial court erred in concluding that this neglect likely would be repeated if the children were returned to their custody. We consider their arguments separately.

**A. Respondent-mother**

The trial court made the following findings of fact to support its conclusion that the termination of Respondent-mother's parental rights was appropriate based on neglect:

> 40. That the mother of the juvenile[s] acknowledged that she needed in patient treatment for her substance abuse, but would not go into a methadone treatment schedule and did not seek treatment until January of 2013.
>
> 41. That the mother has acknowledged that she has problems with prescription drugs.
>
> 42. That in February, 2011, the mother lived with [Mr. Tyson] [in] Stantonsburg, NC. She lived there for 3 months, and then moved [to] Snow Hill, NC and lived at that address for 1 to 1 ½ years. The mother then moved to [] E. Wayne Road, Goldsboro, NC and remained at that address for 6 months. She now lives at [] US Hwy 13 N, Goldsboro, NC and has been there for 9 months.
>
> 43. That the mother was requested to go to a methadone clinic and refused to do so.
>
> . . . .
>
> 46. That the mother no longer attends the [Reformers Unanimous] program at Emmanuel Freewill Baptist Church on Friday evenings

from 7:00 p.m. until 9:00 p.m.

. . . .

59. That the mother had the opportunity to go to a place where she could have both of her children with her, but was not willing to comply with the rules of that place in Greenville.

Of the above findings, Respondent-mother challenges only finding of fact 46. Findings 40-43 and 59 are uncontested by Respondent-mother and, accordingly, are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). The unchallenged findings in the trial court's order demonstrate that Respondent-mother has a history of failing to comply with her case plan. Furthermore, Respondent-mother did not maintain a stable home until nine months before the termination hearing and, more importantly, did not complete in-patient substance abuse treatment. Even assuming *arguendo* that finding of fact 46 was not supported by competent evidence, we conclude that the trial court's remaining findings of fact support its conclusion that a probability of repetition of neglect would exist if the children were returned to Respondent-mother.

**B. Respondent-father**

The trial court made the following unchallenged findings of fact to support its conclusion that Respondent-father neglected the children:

> 61. That [Respondent-father] . . . was using opiates.
>
> . . . .
>
> 65. That the father has had no mental health treatment.
>
> 66. That the father does not have a driver[']s license.
>
> . . . .
>
> 68. That the father did not complete his substance abuse treatment.
>
> 70. That the father did not complete his domestic violence course.

Respondent-father does not contest these findings; therefore, they are binding on appeal. *Id*. at 97, 408 S.E.2d at 731. Respondent-father argues, however, that he made significant progress on his case plan and that, for this reason, the trial court erred in terminating his parental rights. Although we agree that Respondent-father made some progress on his case plan (such as obtaining stable housing and employment), he did not complete his substance abuse treatment. The record evidence shows that on 17 February 2011, he began substance abuse treatment with NIA Children and Family Services but

discontinued his treatment with the agency. On 7 September 2011, he began a substance abuse treatment program with Alternative Care Treatment Systems. However, he only attended 10 of the 16 classes and was terminated from the program. As Respondent-father admits, substance abuse was one of the issues which led to the removal of the children. We believe the trial court did not err in finding that a probability of future neglect would exist if the children were returned to his custody.

For these reasons, we hold that the trial court did not err in finding that both Respondents' parental rights were subject to termination under N.C. Gen. Stat. § 7B-1111(a)(1). Respondents have not challenged the trial court's determination that termination of their parental rights was in the children's best interests. Therefore, having determined that Respondents' parental rights were subject to termination under N.C. Gen. Stat. §7B-1111(a)(1), we conclude that the trial court's order should be affirmed. *See In re S.N.*, 194 N.C. App. 142, 149, 669 S.E.2d 55, 60 (2008) (affirming order terminating parental rights after concluding that termination was proper under N.C. Gen. Stat. §7B-1111(a)(2) where parent failed to challenge trial court's determination that termination was in best interests of

children), *aff'd per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009).

## Conclusion

For these reasons, we affirm the trial court's orders terminating Respondents' parental rights.

AFFIRMED.

Judges HUNTER, JR. and ERVIN concur.

Report per Rule 30(e).