An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-116

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

IN THE MATTER OF:

S.L.B.B.                                    Catawba County
                                            No. 11 JA 177


Appeal by respondent-mother from order entered 6 November 2013 by Judge J. Gary Dellinger in Catawba County District Court. Heard in the Court of Appeals 29 May 2014.

> *Staff Attorney Valeree R. Adams, for petitioner-appellee Catawba County Department of Social Services.*
>
> *Alston & Bird LLP, by Matthew P. McGuire, for guardian ad litem.*
>
> *Levine & Stewart, by James E. Tanner, III, for respondent-appellant mother.*

CALABRIA, Judge.

Respondent-mother ("respondent") appeals from the trial court's order terminating her parental rights to her minor child "Shaney."[1] We affirm the trial court's order.

---

[1] A pseudonym is used to protect the identity and privacy of the juvenile.

Respondent was fourteen years old when she gave birth to Shaney in 2009. Respondent was unable to identify Shaney's biological father. When Shaney was approximately eight months old, respondent assaulted her by shaking her excessively. Respondent was subsequently adjudicated delinquent for the assault.

On 29 June 2011, the Catawba County Department of Social Services ("DSS") filed a juvenile petition alleging Shaney was abused, neglected, and dependent. On 30 June 2011, the trial court entered a non-secure custody order placing Shaney in DSS custody. On 8 November 2011, the trial court adjudicated Shaney as an abused and neglected juvenile. The court ordered respondent to enter into and comply with a family services case plan. The case plan required respondent to obtain a psychological evaluation and comply with all recommendations; obtain a parenting assessment and follow the recommendations; obtain an assessment of her intellectual functioning; comply with mental health services; demonstrate improved capacity as a result of participation in services; and attend school daily.

On 4 June 2012, the trial court conducted a permanency planning hearing. The court found that "[i]t is uncertain whether the minor child will return to the home of her mother

within six months due to the uncertainty regarding [respondent's] ability to learn and demonstrate parenting skills." The trial court implemented a concurrent permanent plan of adoption and reunification.

Another permanency planning hearing was conducted on 10 September 2012. Respondent had failed to take her medications as directed, and the trial court found that "[d]espite the services offered to her and the various parenting classes in which she has participated, [respondent] is unable to care for herself, let alone provide care for her minor child." The court changed the permanent plan to adoption.

On 9 November 2012, DSS filed a motion to terminate respondent's parental rights on the grounds of neglect, willfully leaving the minor child in foster care for more than twelve months without making reasonable progress to correct the conditions which led to the removal of the child from the home, and incapability of providing for the proper care and supervision of the minor child. After a hearing, the trial court found the existence of all grounds alleged by DSS and concluded that termination of respondent's parental rights was in the best interests of the minor child. On 6 November 2013,

the trial court entered its order terminating respondent's parental rights. Respondent appeals.

Respondent argues that the trial court erred by finding and concluding that grounds existed for terminating her parental rights. We disagree.

"The standard for review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." *In re Clark*, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984). Unchallenged findings of fact are deemed supported by competent evidence and are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). In the instant case, respondent does not challenge any of the trial court's findings. Thus, we must only determine if these unchallenged findings support the trial court's conclusion that grounds existed to terminate respondent's parental rights.

A trial court may terminate parental rights based on a finding that the parent has neglected the juvenile. N.C. Gen. Stat. § 7B-1111(a)(1). A neglected juvenile is defined, in part, as one who "does not receive proper care, supervision, or discipline" from a parent or caretaker, or "who lives in an

environment injurious to the juvenile's welfare[.]"  N.C. Gen. Stat. § 7B-101(15) (2013).  Generally, "[a] finding of neglect sufficient to terminate parental rights must be based on evidence showing neglect at the time of the termination proceeding."  *In re Young*, 346 N.C. 244, 248, 485 S.E.2d 612, 615 (1997) (citation omitted).  However, when

> there is no evidence of neglect at the time of the termination proceeding . . . parental rights may nonetheless be terminated if there is a showing of a past adjudication of neglect and the trial court finds by clear and convincing evidence a probability of repetition of neglect if the juvenile were (sic) returned to her parents.

*In re Reyes*, 136 N.C. App. 812, 815, 526 S.E.2d 499, 501 (2000) (citation omitted).

Respondent contends the trial court erred in terminating her parental rights based on neglect because there was no evidence "that suggested [respondent] posed any threat of anger or violence toward Shaney at the time of the termination hearing[,]" nor was there evidence that respondent's parents' home "posed the same risk of neglect to a three-year-old Shaney with an almost 18-year-old [respondent] in it as it did when Shaney was an infant and [respondent] was a misbehaving and unruly 14-year-old."

Contrary to respondent's contentions, the trial court's order includes ample findings that would support a conclusion that she would continue to neglect Shaney if the child was returned to respondent's care. The court specifically found that respondent did not believe she needed to correct her behavior, that respondent's intellectual disabilities and behavioral problems would make it difficult for respondent to put Shaney's needs before her own, and that respondent did not have the financial resources to care for Shaney or herself. The trial court also found that respondent's therapist did not observe any improvement in her behavior following respondent's participation in therapy. Finally, the trial court found that respondent

> is not a fit and proper person to have custody of the minor child . . . . She continues, to this date, to engage in the same behaviors which led to the adjudication of neglect. She has not taken seriously the efforts to correct her behaviors and the likelihood of continued neglect is high if the child were to return home.

We conclude that the trial court's unchallenged findings of fact support the court's conclusion that respondent's neglect of Shaney would likely be repeated if she was returned to respondent's care. Accordingly, respondent's contention that

the trial court erred in terminating her parental rights on the ground of neglect is overruled.

Since we have determined that termination was proper on the ground of neglect, it is unnecessary for us to consider the additional grounds for termination found by the trial court. *See In re Humphrey*, 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003) (a finding of one statutory ground is sufficient to support the termination of parental rights). We affirm the trial court's order terminating respondent's parental rights.

Affirmed.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).