An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-138
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

IN THE MATTER OF:

M.S.

Beaufort County
No. 11 JA 91

Appeal by respondents from order entered 7 November 2013 by Judge Regina R. Parker in Beaufort County District Court. Heard in the Court of Appeals 29 May 2014.

> *Kimberly T. Edwards for petitioner-appellee Beaufort County Department of Social Services.*
>
> *Kilpatrick Townsend & Stockton LLP, by John M. Moye, for guardian ad litem.*
>
> *Edward Eldred for respondent-appellant mother.*
>
> *Sydney Batch for respondent-appellant father.*

STROUD, Judge.

Respondent-parents appeal from an order terminating their parental rights to the minor child M.S. ("Mindy").[1] Because the termination order lacks sufficient findings of fact to support the trial court's ultimate determination under N.C. Gen. Stat. §

---

[1] To protect the juvenile's identity and for ease of reading we will refer to her by pseudonym.

7B-1111(a)(1), (2), and (6) (2013), we vacate the termination order and remand.

I. Petition for Writ of Certiorari

Respondent-mother has filed a petition for writ of certiorari asking this Court to review the termination order notwithstanding her failure to designate the order from which or court to which her appeal is taken, in accordance with N.C.R. App. P. 3(d), as well as her failure to serve her notice of appeal pursuant to N.C.R. App. P. 3(a), (e), and 26(c)-(d). *See* N.C.R. App. P. 3.1(a); N.C. Gen. Stat. § 7B-1001(a)(6), (b) (2013). Respondent-mother asks that she not be deemed to have "forfeit[ed] her right to appeal due to her attorney's error in drafting a notice of appeal." *See* N.C.R. App. P. 21(a)(1) (authorizing review by writ of certiorari "when the right to prosecute an appeal has been lost by failure to take timely action").

We conclude the appeal is properly before us. It is true that "[a]n appellant's failure to designate a particular judgment or order in the notice of appeal generally divests this Court of jurisdiction to consider that order." *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 347, 666 S.E.2d 127, 133 (2008), *disc. rev. denied*, 363 N.C. 260, 677 S.E.2d 461 (2009).

Here, however, respondent-mother gave timely notice of appeal from

> all Findings of Fact, Conclusions of Law and Orders of the Court entered pursuant to the Beaufort County District Court hearing regarding termination of her parental rights, said hearing having been held on September 27, 2013 and resulting in the termination of her parental rights regarding the minor child, [Mindy].

Although respondent-mother did not identify the order by entry date or authoring judge, we believe her intent to appeal from the 7 November 2013 termination order "can be fairly inferred from the notice[.]" *Chee v. Estes*, 117 N.C. App. 450, 452, 451 S.E.2d 349, 351 (1994). Nor is there any indication that Beaufort County Department of Social Services ("BCDSS") or the guardian ad litem ("GAL") was "misled by [her] mistake." *Id.*

Moreover, the lack of proof of service of respondent-mother's notice of appeal does not deprive this Court of jurisdiction, absent an objection by appellees. *Blevins v. Town of West Jefferson*, 182 N.C. App. 675, 682-83, 643 S.E.2d 465, 469-70 (Geer, J., dissenting), *adopted per curiam*, 361 N.C. 578, 653 S.E.2d 392 (2007). Likewise, respondent-mother's failure to designate the court to which her appeal is taken does not constitute a jurisdictional defect, as "this Court is the only

court with jurisdiction to hear [her] appeal[.]" *State v. Ragland*, __ N.C. App. __, __, 739 S.E.2d 616, 620, *disc. review denied*, __ N.C. __, 747 S.E.2d 548 (2013). Therefore, we dismiss the petition for writ of certiorari as moot.

## II. Background

BCDSS obtained non-secure custody of three-week-old Mindy on 9 December 2011, after filing a petition alleging that she was a neglected juvenile. The petition reported, *inter alia*, that respondent-mother lacked the ability to perform "routine tasks of baby care, such as diapering, feeding, clothing, bathing and consoling the child." BCDSS further alleged that respondent-father had a "long history" of assaulting family members, including his romantic partners and their children, and was subject to a domestic violence protective order ("DVPO") entered in April 2011 on behalf of his six-year-old son, for bloodying the child's nose after he choked on some liquid medication. The record on appeal shows that in 2000, respondent-father pled guilty to habitual misdemeanor assault for beating his girlfriend's seven-year-old son, J.H., and consented to entry of an adjudication of neglect as to his five-month-old daughter, R.S., based on his shaking of the child. Respondent-father pled guilty to another charge of habitual

misdemeanor assault in 2010 for assaulting respondent-mother.

The trial court adjudicated Mindy a neglected juvenile on 10 October 2012. The court ceased reunification efforts and changed the child's permanent plan to adoption on 16 September 2013, finding "that [respondent-]mother remains incapable of making the changes required to remove the risk of harm to her child in her home, and [respondent-]father remains unwilling to do so."

BCDSS filed a motion to terminate respondents' parental rights on 14 March 2013, alleging the following grounds for termination as to both respondents: (1) neglect; (2) failure to make reasonable progress to correct the conditions leading to Mindy's removal from their care; and (3) dependency. N.C. Gen. Stat. § 7B-1111(a)(1), (2), (6). BCDSS alleged a fourth ground for terminating respondent-mother's parental rights under N.C. Gen. Stat. § 7B-1111(a)(3) (2013). After hearing evidence on 27 September 2013, the trial court adjudicated the existence of each of these grounds for termination and determined that termination of respondents' parental rights was in the best interest of the minor child.

### III. Standard of Review

Respondents challenge the trial court's adjudication of

grounds to terminate their parental rights under N.C. Gen. Stat. § 7B-1111(a). In reviewing an adjudication under N.C. Gen. Stat. § 7B-1109(e) (2013), we must determine whether the findings of fact in the termination order are supported by clear, cogent and convincing evidence, and whether the findings support the order's conclusions of law. *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000). "If there is [such] evidence, the findings of the trial court are binding on appeal." *In re McCabe*, 157 N.C. App. 673, 679, 580 S.E.2d 69, 73 (2003). Moreover, any unchallenged findings are binding. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). We review the trial court's conclusions of law *de novo*. *In re J.S.L.*, 177 N.C. App. 151, 154, 628 S.E.2d 387, 389 (2006).

## IV. Sufficiency of Fact-Finding

Both respondent-mother and respondent-father argue that the trial court failed to make necessary findings of fact in support of its adjudication of grounds for termination under N.C. Gen. Stat. § 7B-1111(a)(1), (2), and (6). We agree.

The trial court found the following facts by clear, cogent, and convincing evidence:

> 4. . . . [Mindy] was born [i]n . . . November, 2011 . . . . . Her parents . . . remain married at this time.

5. [Mindy] is the second of three children born to Mother and the fifth of six children born to Father. None of the children are in either parent's physical or legal custody.

6. Father has significant anger issues and history of assaulting domestic partners and children left in his care. Father has been convicted of assaulting Mother and Mother has obtained two DVPO's against Father and then dismissed each case. Mother's last DVPO against Father was in July of 2013 when mother was in the last trimester of pregnancy.

7. Mother is mentally retarded and has a full scale I.Q. of 63. Mother functions at age equivalencies from 2 to 8 years old. Her overall coping skills are equivalent to that of a 3 1/2 year old child. Mother lacks basic child care skills such as mixing formula, properly holding an infant, and not recognizing or responding to an infant[']s needs.

8. [Mindy] was adjudicated neglected, following a hearing which ended on September 5, 2012. BCDSS and [the guardian ad litem] expressed a willingness to allow the parents an opportunity to intensify their reunification efforts. The court ordered Father to obtain a psychological evaluation within the next 90 days . . . .

9. Mother has worked under a case plan since January of 2012. Mother completed two separate parenting courses but her AAPI[2] showed no improvement in her parenting skills. Mother attended some individual

[2] The Adult Adolescent Parenting Inventory was prepared by respondents' parenting class facilitators at Cornerstone Church.

therapy but still lives in the home with Father and fails to appreciate the danger that Father represents to her or any child in her home. BCDSS has repeatedly offered to take Mother to a domestic violence shelter but Mother refuses this assistance.

10. Father has worked under a case plan since January of 2012. Father was ordered to obtain a psychological evaluation and has failed to do so. Father completed two separate parenting courses but his AAPI showed no improvement in his parenting skills. Father completed anger management therapy but continues to excuse his violent conduct and does not accept responsibility for his actions. The most recent DVPO was entered against Father in July of 2013 after Father had completed Anger Management Therapy.

11. On July 12, 2013, the court entered an order for BCDSS to cease reunification efforts and proceed to clear [Mindy] for adoption . . . . No progress has been made since that time.

12. [Mindy] has been in foster care since she was three weeks old. Her foster parents are the only parents she has ever known and she is very bonded with them. . . .

Based on these findings, the count entered a single conclusion of law: "Grounds exist to terminate the parental rights of the Mother and Father under N.C.G.S. Sections 7B-1111(a)(1)[,](2) and (6)."

A. Neglect under G.S. 7B-1111(a)(1)

Because Mindy had been placed outside the home since

December 2011, an adjudication for neglect under N.C. Gen. Stat. § 7B-1111(a)(1) required findings of both a prior adjudication of neglect and "a probability of repetition of neglect if the juvenile were returned to her parents." *In re Reyes*, 136 N.C. App. 812, 814-15, 526 S.E.2d 499, 501 (2000). The trial court made no findings regarding the probability of future neglect by either respondent. Therefore, its findings were insufficient to support its adjudication under N.C. Gen. Stat. § 7B-1111(a)(1).

B.    Lack of Reasonable Progress under G.S. 7B-1111(a)(2)

Under N.C. Gen. Stat. § 7B-1111(a)(2), a parent's rights may be terminated if the district court determines that (1) the minor child has been *willfully* left by the parent in foster care for over 12 months and (2) as of the time of the hearing, the parent has failed to make reasonable progress under the circumstances to correct the conditions which led to the child's removal from the home. *In re O.C. & O.B.*, 171 N.C. App. 457, 464-65, 615 S.E.2d 391, 396, *disc. rev. denied*, 360 N.C. 64, 623 S.E.2d 587 (2005). To justify termination of parental rights on this ground, the trial court must find that the parent has acted willfully. *See In re T.M.H.*, 186 N.C. App. 451, 455, 652 S.E.2d 1, 3, *cert. denied and disc. rev. denied*, 362 N.C. 87, 657 S.E.2d 31 (2007). Here, "[t]he order before us contains no

findings of willfulness. In the absence of a finding of willfulness, the trial court's order does not establish grounds for termination" and must be reversed as to this ground. *Id.*

C. Dependency under G.S. 7B-1111(a)(6)

The district court also entered an adjudication based on dependency under G.S. 7B-1111(a)(6). As applied to respondents, such an adjudication requires findings of fact that "address both (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." *In re P.M.*, 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005) (reversing adjudication where the "trial court never addressed the second prong of the dependency definition").

Although finding 7 alludes to respondent-mother's lack of child-rearing skills, the district court did not explicitly assess either respondent's ability to provide care or supervision for Mindy and made "no finding that [either] respondent lacked 'an appropriate alternative child care arrangement.'" *Id.* at 428, 610 S.E.2d at 407. Accordingly, "we must reverse the lower court . . . and remand for entry of findings as to the ability of the parent to provide care or supervision **and** the availability of alternative child care

arrangements." *In re B.M.*, 183 N.C. App. 84, 90, 643 S.E.2d 644, 648 (2007).

## V. Conclusion

Although the evidence in the record is sufficient to support adequate findings on any number of grounds, "[w]hen a trial court is required to make findings of fact, it must find the facts specially . . . [and] through processes of logical reasoning from the evidentiary facts find the ultimate facts essential to support the conclusions of law." *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003) (citations and quotation marks omitted). Because the district court's termination order lacks the necessary findings, we must "vacate the order and remand . . . with instructions to make appropriate findings . . . and then, if appropriate, to articulate conclusions of law that include the grounds under N.C. [Gen. Stat.] § 7B-1111(a) which form the basis for termination." *In re T.M.H.*, 186 N.C. App. at 456, 652 S.E.2d at 3. The trial court may receive additional evidence on remand, within its sound discretion. *Id.* In light of our holding, we decline to address respondents' remaining arguments on appeal. *See id.; In re B.M.*, 183 N.C. App. at 90, 643 S.E.2d at 648.

VACATED and REMANDED.

Judges CALABRIA and DAVIS concur.

Report per Rule 30(e).