An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-430

Filed: 15 September 2015

Warren County, No. 12 JT 61

IN THE MATTER OF: K.E.T.

Appeal by respondent-mother from order entered 27 January 2015 by Judge Randolph Baskerville in Warren County District Court. Heard in the Court of Appeals 24 August 2015.

> *No brief filed for petitioner-appellee Warren County Department of Social Services.*

> *Alston & Bird LLP, by Stephen H. Schilling and Heather Adams, for Guardian ad Litem.*

> *Miller & Audino, LLP, by Jay Anthony Audino, for respondent-appellant mother.*

McCULLOUGH, Judge.

Respondent-mother ("respondent") appeals from an order terminating her parental rights to her son K.E.T. ("Kyle"). For the following reasons, we reverse and remand the case for further findings of fact.

On 27 December 2012, the Warren County Department of Social Services ("WCDSS") took nonsecure custody of newborn Kyle and filed a juvenile petition

alleging he was a neglected and dependent juvenile. WCDSS alleged that respondent was unable to provide for Kyle's care or supervision due to her mental health issues. Respondent's recovery coach had arranged for respondent and Kyle to live with Kyle's maternal grandmother upon their release from the hospital; however, respondent took Kyle to live in her house where there was no heat, formula, or diapers. The petition further alleged that respondent refused help from family members and that she lacked an appropriate alternative child care arrangement.

The trial court conducted an adjudication hearing on 24 September 2013. By order filed 14 November 2013, the trial court adjudicated Kyle a dependent juvenile based upon "all parties stipulat[ing] and agree[ing], including [respondent's] Rule 17 substitutive Guardian ad litem, Mr. Robert T. May, that the minor child is a dependent child[.]" In a separate disposition order, the trial court concluded it was in the best interest of Kyle that he remain in the custody of WCDSS.

On 22 July 2014, WCDSS filed a motion in the cause to terminate respondent's parental rights based on Kyle's status as a dependent juvenile. A termination hearing was held on 25 November 2014. By order filed 27 January 2015, the trial court terminated respondent's parental rights on the ground that respondent was incapable of providing for the proper care and supervision of Kyle such that he was a dependent juvenile. Respondent filed timely notice of appeal from the trial court's order.

I.      Standard of Review

On appeal from an order terminating parental rights, this Court reviews the order for "whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." *In re Shepard*, 162 N.C. App. 215, 221, 591 S.E.2d 1, 6 (citations and quotation marks omitted), *disc. review denied sub nom., In re D.S.,* 358 N.C. 543, 599 S.E.2d 42 (2004). The trial court's findings of fact which an appellant does not specifically dispute on appeal "are deemed to be supported by sufficient evidence and are binding on appeal." *In re M.D.*, 200 N.C. App. 35, 43, 682 S.E.2d 780, 785 (2009). However, "[t]he trial court's conclusions of law are fully reviewable *de novo* by the appellate court." *In re S.N.,* 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008) (quotation marks omitted), *aff'd per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009).

II.      Motion in the Cause to Terminate

Respondent contends the trial court lacked jurisdiction to hear the motion to terminate her parental rights because the motion did not contain a statement of facts sufficient to warrant a determination that one or more of the grounds for terminating parental rights existed.

A petition for termination of parental rights must allege "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights [listed in N.C.G.S. § 7B-1111(a)] exist." N.C. Gen. Stat. § 7B-1104(6)

(2013). " 'While there is no requirement that the factual allegations in a petition for termination of parental rights be exhaustive or extensive, they must put a party on notice as to what acts, omissions, or conditions are at issue.' " *In re C.W. & J.W.*, 182 N.C. App. 214, 228, 641 S.E.2d 725, 735 (2007) (quoting *In re Hardesty*, 150 N.C. App. 380, 384, 563 S.E.2d 79, 82 (2002)).

Respondent specifically asserts the motion does not allege she lacked an appropriate alternative child care arrangement and, therefore, did not put her on notice as to what acts or omissions are at issue. However, this Court has held that such a deficiency is not a jurisdictional issue, but instead constitutes a claim for relief under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. *In re Quevedo*, 106 N.C. App. 574, 578, 419 S.E.2d 158, 159 (1992). Respondent did not move for a dismissal under Rule 12(b)(6) in the trial court and "a Rule 12(b)(6) motion may not be made for the first time on appeal." *In re H.L.A.D.*, 184 N.C. App. 381, 392, 646 S.E.2d 425, 434 (2007), a*ff'd per curiam,* 362 N.C. 170, 655 S.E.2d 712 (2008) (citation omitted). Because respondent failed to preserve this issue for appellate review, we do not address it.

### III.   Grounds for Termination

Respondent contends the trial court's findings of fact and conclusions of law are insufficient to terminate her rights. We agree.

The trial court may only terminate a parent's parental rights if the petitioner proves at least one ground pursuant to N.C. Gen. Stat. § 7B-1111 by clear, cogent, and convincing evidence, and the trial court enters sufficient findings of fact to support a conclusion of law that at least one of the grounds alleged by the petitioner exists. N.C. Gen. Stat. § 7B-1109(e) and (f) (2013); *In re C.W. & J.W.*, 182 N.C. App. at 218, 641 S.E.2d at 729.

Here, the court terminated respondent's parental rights based upon Kyle being a dependent juvenile. *See* N.C. Gen. Stat. § 7B-1111(a)(6) (2013). Our General Statutes provide that a trial court may terminate parental rights if it concludes:

> That the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile and the parent lacks an appropriate alternative child care arrangement.

N.C. Gen. Stat. § 7B-1111(a)(6). A dependent juvenile is defined as one who is "in need of assistance or placement because (i) the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or (ii) the juvenile's parent, guardian, or custodian is unable to provide for the juvenile's care or supervision and lacks an appropriate alternative child care arrangement." N.C. Gen. Stat. § 7B-101(9)

(2013). As applied to respondent, such an adjudication requires findings of fact that "address both (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." *In re P.M.*, 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005) (reversing adjudication where the "trial court never addressed the second prong of the dependency definition").

We agree with respondent that the trial court did not find nor conclude that she lacked an appropriate alternative child care arrangement. None of the trial court's adjudicatory findings of fact address the second prong. Without such a finding, we cannot uphold the trial court's order terminating respondent's parental rights. Accordingly, we must reverse the order terminating respondent's parental rights and remand for further findings with respect to whether respondent has an appropriate alternative child care arrangement. *See In re B.M.*, 183 N.C. App. 84, 90, 643 S.E.2d 644, 648 (2007). The trial court may receive additional evidence on remand, within its sound discretion. *In re T.M.H.*, 186 N.C. App. 451, 456, 652 S.E.2d 1, 3 (2007).

REVERSED AND REMANDED.

Judges BRYANT and INMAN concur.

Report per Rule 30(e).